**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

JOSEPH DOCKHAM,              )
     Petitioner,                )
                       )
v.                           )          CIVIL ACTION
                       )          NO.05-11053-NMG
MICHAEL CORSINI,             )
     Respondent                )
_____)

**RESPONDENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS**

    Michael Corsini, the respondent, through his counsel, the Attorney General of

Massachusetts, submits this memorandum in support of his motion to dismiss, with prejudice,

Joseph Dockham's habeas corpus petition.  As grounds, the respondent states that the petition is

time-barred pursuant to 28 U.S.C. § 2244(d)(1).  In light of the application of § 2244(d)(1), the

respondent does not address the merits of the petition or raise his remaining defenses.[1]

**PRIOR PROCEEDINGS**

    On December 30, 1986, a Norfolk County grand jury returned a fourteen-count

indictment charging the petitioner with one count of rape of a child with force, three counts of

rape of a child, five counts of indecent assault and battery on a child under fourteen, two counts

each of assault and battery and posing a child in a lascivious manner, and one count of assault

with intent to rape a child.  *See* Exhibit A, p. 8.  In June, 1987, the Commonwealth tried the

petitioner before Justice Carey and a Plymouth Superior Court jury.  *See* Exhibit A, pp. 3-4.  On

June 11, 1987, the jury convicted the petitioner of rape of a child with force, assault with intent

---

[1] Should the Court rule that the petition is not time-barred, the respondent respectfully
requests thirty days from the date of receipt of this Court's order to answer the petition or file a
supplemental memorandum addressing any additional affirmative defenses.

2

to rape a child, two counts of indecent assault and battery on a child under fourteen, one count of

posing a child in a lascivious manner, two counts of assault and battery, and two counts of rape

of a child.  Exhibit A., p. 4.

    After the petitioner filed a timely notice of appeal of his convictions, the Supreme

Judicial Court took the appeal on its own motion.  *See Commonwealth v. Dockham*, 405 Mass.

618, 619, 542 N.E.2d 591, 592 (1989).  That Court affirmed the convictions on August 21, 1989.

Id.

    During the 1990s, the petitioner filed several motions, none of which challenged his

underlying conviction.[2]  On April 17, 2001, the defendant filed his second motion for a new trial.

Exhibit A, p. 6.  That motion was denied by the Superior Court (Agnes, J.) on February 28, 2003.

Exhibit A, p. 7.  The Massachusetts Appeals Court subsequently affirmed the order denying the

motion, on April 12, 2004.  *See Commonwealth v. Dockham*, 60 Mass. App. Ct. 1126, 806

N.E.2d 128 (2004).  The Supreme Judicial Court denied the petitioner's application for leave to

obtain further appellate review on June 30, 2004.  *See Commonwealth v. Dockham*, 442 Mass.

1104, 810 N.E.2d 1229 (2004).  The petition before this Court followed, on May 19, 2005.

## ARGUMENT

    "AEDPA, which became effective on April 24, 1996, fixes a one-year limitations period

for federal habeas petitions filed by state prisoners."  *David v. Hall*, 318 F.3d 343, 344 (1st Cir.),

---

[2] These motions included a motion for a trial transcript, a motion for release of probation
records, and motions for appointment of counsel, indigent costs, and witness statements.  *See*
Exhibit A, p. 6.

3

*cert. denied*, 540 U.S. 815 (2003).  In the absence of a statutory exception,[3] "AEDPA's one-year

limit runs from the time that the state court judgment of conviction became final by the

conclusion of direct review or the expiration of the time for seeking it."  *Id.* at 344 (citing 28

U.S.C. § 2244(d)(1)(A)).  Excludable periods include "'[t]he time during which a properly filed

application for State post-conviction or other collateral review is pending. . . .'"  *Id.* (quoting 28

U.S.C. § 2244(d)(2)) (alterations in original).

In this case, the SJC affirmed the petitioner's convictions on August 21, 1989.  *See*

*Commonwealth v. Dockham*, 405 Mass. 618, 542 N.E.2d 591 (1994).  Once the ninety-day period

for seeking certiorari expired on December 19, his conviction became final.  *See Neverson v.*

*Farquharson*, 366 F.3d 32, 36 (1st Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 527

(2003)).  On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty

Act ("AEDPA").  *See* Pub.L. No. 104-132, 110 Stat. 1214 (1996).  Prior to AEDPA, there was

no time limit concerning when state prisoners could file habeas petitions.  *See Nowaczyk v.*

*Warden*, 299 F.3d 69, 79 (1st Cir. 2002).  Post-AEDPA, however, state prisoners seeking habeas

relief face a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  Those prisoners who,

like the petitioner, were convicted pre-AEDPA, were granted a one-year grace period, *i.e.* until

April 24, 1997, to file their habeas petitions.  *See David*, 318 F.3d at 344 (citing *Gaskins v.*

*Duval*, 183 F.3d 8, 9 (1st Cir. 1999)).

Here, the statute of limitations expired on April 24, 1997.  This is so because the

petitioner's conviction became final on December 19, 1989, and, because no motion of any

---

[3] These exceptions exist in cases where the government impedes relief, the Supreme
Court creates new constitutional rights, or newly discovered facts raise doubts about the
conviction.  *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

4

variety was pending during the grace period from April 24, 1996 through April 24, 1997. Exhibit A, p. 6. In light of the application of 28 U.S.C. § 2244(d)(1) to this case, the Court must dismiss, with prejudice, the petition for writ of habeas corpus.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the petition for writ of habeas corpus with prejudice.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ Daniel I. Smulow
Daniel I. Smulow, BBO # 641668
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, MA 02108
(617) 727-2200, ext. 2949

Dated: June 22, 2005

## Certificate of Service

I hereby certify that a true copy of the above document was served on Joseph E. Dockham, *pro se*, W-43918, Bay State Correctional Center, P.O. Box 73, 28 Clark Street, Norfolk, MA 02056-0073, by first class mail, postage prepaid, on June 22, 2005.

/s/ Daniel I. Smulow

5

# EXHIBIT A

# E X H I B I T  A

Commonwealth of Massachusetts
NORFOLK SUPERIOR COURT
Case Summary
Criminal Docket

Commonwealth v Dockham, Joseph

-------------------------------------------------------------------------------

Details for Docket: NOCR1986-84001

Case Information
Docket Number:   NOCR1986-84001   Caption:   Commonwealth v Dockham, Joseph
Entry Date:   12/10/1986   Case Status:   1 - CtRm - Main
Status Date:   05/11/2004   Session:   Disposed (appeal denied)
Lead Case:   NA   Deadline Status:
Trial Deadline:      Jury Trial:   NO

-------------------------------------------------------------------------------
Parties Involved

-------------------------------------------------------------------------------

2 Parties Involved in Docket: NOCR1986-84001

Party Involved:      Role:   Defendant
Last Name:   Dockham   First Name:   Joseph
Address:      Address:
City:   Weymouth   State:
Zip Code:      Zip Ext:
Telephone:

Party Involved:      Role:   Plaintiff
Last Name:   Commonwealth   First Name:
Address:      Address:
City:      State:
Zip Code:      Zip Ext:
Telephone:

1

--------------------------------------------------------------------------------

Attorneys Involved

--------------------------------------------------------------------------------

1 Attorneys Involved for Docket: NOCR1986-84001

Attorney Involved:    Firm Name:
Last Name:  Thurber  First Name:  Deirdre L
Address:  19 Bloody Pond Road   Address:
City:  Plymouth  State:  MA
Zip Code:  02360  Zip Ext:
Telephone:  508-224-2980  Tel Ext:
Fascimile:  508-224-2980  Representing:   Dockham, Joseph (Defendant)

--------------------------------------------------------------------------------

Calendar Events

--------------------------------------------------------------------------------

No Calendar Events found for Docket: NOCR1986-84001.

There are currently no calendar events associated with this case.

--------------------------------------------------------------------------------

Full Docket Entries

--------------------------------------------------------------------------------

224 Docket Entries for Docket: NOCR1986-84001

Entry Date:   Paper No:   Docket Entry:
12/30/1986  1   Indictment returned
12/30/1986      RE Offense 1:Plea of not guilty
12/30/1986      RE Offense 2:Plea of not guilty
12/30/1986      RE Offense 3:Plea of not guilty
12/30/1986      RE Offense 4:Plea of not guilty
12/30/1986      RE Offense 5:Plea of not guilty
12/30/1986      RE Offense 6:Plea of not guilty
12/30/1986      RE Offense 7:Plea of not guilty
12/30/1986      RE Offense 8:Plea of not guilty

| 12/30/1986 | | RE Offense 9:Plea of not guilty |
| 12/30/1986 | | RE Offense 10:Plea of not guilty |
| 12/30/1986 | | RE Offense 11:Plea of not guilty |
| 12/30/1986 | | RE Offense 12:Plea of not guilty |
| 12/30/1986 | | RE Offense 13:Plea of not guilty |
| 12/30/1986 | | Deft arraigned before Court - Plea no guilty bail personal - |
| 12/30/1986 | | continued to 1/14/87 for conference - Special conditions of bail - |
| 12/30/1986 | | pretrial probation conditions - to telephone probation department |
| 12/30/1986 | | twice a week - to report personally once a week (McHuch, J) |
| 12/30/1986 | 2 | Appointment of Counsel Stephen T. Cunningham, Esq. |
| 12/30/1986 | | RE Offense 14:Plea of not guilty |
| 01/14/1987 | | Continued until February 20, 1987- motions to be filed Feb. 13, 1987 |
| 01/14/1987 | | (Banks, J) |
| 01/14/1987 | 3 | Pre-trial conference report filed |
| 02/20/1987 | 3 | Motion by Deft: for pretrial discovery pursuant to Mass. Rules of |
| 02/20/1987 | 3 | Criminal Procedure numbered 13-14 - Numbers 1,2, & 3 are allowed and |
| 02/20/1987 | 3 | information provided at least 30 days prior to trial - No. 4 & 5, |
| 02/20/1987 | 3 | dealing with privileged information are allowed and ordered furnished |
| 02/20/1987 | 3 | in accordance with the motion within 20 days - No. 6 is reserved for |
| 02/20/1987 | 3 | the trial judge (Prince, J) notice sent |
| 02/20/1987 | 4 | Motion in limine filed and reserved for trial judge |
| 02/20/1987 | 5 | Motion for bill of particulars - motion is allowed - responses to be |
| 02/20/1987 | 5 | provided within 20 days (Prince, J) notice sent |
| 02/20/1987 | | Continued until March 12, 1987 - for status (Prince, J) |
| 03/12/1987 | | Continued until March 21, 1987 for status (Meyer, J) |
| 03/20/1987 | 6 | Bill of particulars |
| 03/20/1987 | 7 | Motion for pre-trial discovery pursuant to Mass. Rules of Criminal |
| 03/20/1987 | 7 | Procedure Nos. 13 and 14 |
| 03/31/1987 | | Motions to be filed by 4/10/87 -Continued until April 24, 1987 for |
| 03/31/1987 | | hearings - trial date 6/1/87 (Meyer, J) |
| 04/10/1987 | 8 | Commonwealth files Memorandum in opposition to defendant's motion for |
| 04/10/1987 | 8 | pysical examination of alleged victim |
| 04/10/1987 | 40 | Rescript received from Appeals Court, SJC - judgments affirmed - |
| 04/10/1987 | 40 | notice sent to District Attorney and Attorney |
| 04/15/1987 | 8 | Motion for physical examination of alleged victim - 4/24/87 denied |
| 04/15/1987 | 8 | objection noted (Hurd, J) |
| 04/15/1987 | 9 | Certificate of service |
| 06/01/1987 | 10 | Commonwealth files memorandum regarding witness competency received |
| 06/01/1987 | 10 | and filed |
| 06/01/1987 | 11 | Commonwealth files memorandum of law in support of the motion to |
| 06/01/1987 | 11 | videotape the testimony of child witness received and filed |
| 06/03/1987 | 12 | Motion to videotape testimony of a child witness allowed (Carey, J) |
| 06/03/1987 | 13 | Commonwealth files memorandum regarding testimony of Dr. Jan Paradise |

06/03/1987   13   as an expert
06/03/1987   14   Commonwealth files memorandum of law in support of motion in limine
06/03/1987   15   Commonwealth files memorandum of law in support of admissibility of
06/03/1987   15   testimony of Dr. Renee Brant as an expert
06/03/1987   15   FINDINGS of FACT RULINGS of LAW: re: allowance of motion by
06/03/1987   15   Commonwealth to videotape testimony of child witness (Carey, J)
06/11/1987        RE Offense 1:Guilty verdict
06/11/1987        RE Offense 2:Guilty verdict
06/11/1987        RE Offense 3:Not guilty finding
06/11/1987        RE Offense 4:Guilty verdict
06/11/1987        RE Offense 5:Guilty verdict
06/11/1987        RE Offense 6:Guilty verdict
06/11/1987        RE Offense 7:Guilty verdict
06/11/1987        RE Offense 8:Not guilty finding
06/11/1987        RE Offense 9:Guilty verdict
06/11/1987        RE Offense 10:Not guilty finding
06/11/1987        RE Offense 11:Guilty verdict
06/11/1987        RE Offense 12:Guilty verdict
06/11/1987        RE Offense 13:Not guilty verdict
06/11/1987        RE Offense 14:Not guilty verdict
06/11/1987        Verdict of guilty - Re: Offenses 1,2,4,5,6,7,8,11,12 - remand
06/11/1987        without bail pending sentencing 6/25/87 court orders screening
06/11/1987        examine Chapter 123A Sec 4 (Carey, J)
06/15/1987   16   Habeas corpus for Deft at Bridgewater Hospital for 6/25/87
06/15/1987   17   Habeas corpus for Deft at Dedham House of Correction for 6/25/87
06/25/1987   18   Report from Dr. Leonard Bard received dated 6/25/87
06/25/1987        60 day screening at Bridgewater Treatment Center - disposition on
06/25/1987        8/27/87 (Carey, J)
06/25/1987   19   Commitment to Bridgewater - Chapter 123A sec 4 & 6 (Carey, J)
06/25/1987   20   Habeas corpus for Deft at Bridgewater for 8/27/87
06/26/1987        Fee for Atty. Stephen Cunningham approved for $3440.00 by Judge Carey
07/09/1987   21   Habeas corpus for Deft at Bridgewater for 8/27/87
08/13/1987   22   Report from Dr. Kreigman - copies sent to Atty. Cunningham and Asst.
08/13/1987   22   D.A. Hinkle and Judge Carey
08/21/1987   23   Report from Dr. Leavitt - copies sent to Atty. Cunningham, Asst. D.A.
08/21/1987   23   Hinkle and Judge Carey
08/27/1987        Re: Offense #1 - (84001) After hearing court finds defendant is a
08/27/1987        sexually dangerous person under Chapter 123A sec 5 - Findings to
08/27/1987        follow - Senence not less than 20 years - not more than 25 years at
08/27/1987        Massachusetts Correctional Institution at Cedar Junction, Walpole,
08/27/1987        committed - credit for time spent in jail awaiting disposition -
08/27/1987        notified of 10 days to appeal sentence to Appellate Division of
08/27/1987        SuperiorCourt - $25.00 victim witness fee waived - 77 days credit

4

| Date | No. | Description |
|---|---|---|
| 08/27/1987 | | (Carey, J) mittimus |
| 08/27/1987 | | Re: Offense #2 - (84002) - After hearing - Sentence not less than 20 |
| 08/27/1987 | | years not more than 25 years Massachusetts Correctional Institution |
| 08/27/1987 | | Cedar Junction from and after expiration of sentence awarded on 84001 |
| 08/27/1987 | | - execution suspended five year probation uon release from sentence |
| 08/27/1987 | | on 84001 psychiatric counselling (Carey, J) mittimus |
| 08/27/1987 | | Re: Offense # 4 (84004) After hearing - Sentence - not less than 20 |
| 08/27/1987 | | years not more than 25 years at Massachusetts Correctional |
| 08/27/1987 | | Institution Cedar Junction - concurrent with 84002 - execution |
| 08/27/1987 | | suspended - notified 10 days to appeal to the Appellate Division - |
| 08/27/1987 | | jail credit 77 days (Carey, J) mittimus |
| 08/27/1987 | | Re: Offenses # 5, 6 (84005, 84006) After hearing - Sentence not less |
| 08/27/1987 | | than 10 years not more than 12 years at Massachusetts Correctional |
| 08/27/1987 | | Institution at Cedar Junction - concurrent with 84001 - committed - |
| 08/27/1987 | | ntified 10 days to appeal to Appellate Division - 77 days credit |
| 08/27/1987 | | (Carey, J) mittimus |
| 08/27/1987 | | Re: Offenses # 7,9, 11, 12 (84007, 84009,84011,84012) After hearing - |
| 08/27/1987 | | Sentence not less 6 years not more than 10 years at Massachusetts |
| 08/27/1987 | | Correctional Institution at Cedar Junction committed - concurrent |
| 08/27/1987 | | with 84002 - execution suspended 5 years probation notified 10 dyas |
| 08/27/1987 | | to appeal - jail credit 77 days (Carey, J) |
| 08/27/1987 | 24 | Motion to stay execution of sentence pending appeal - denied - |
| 08/27/1987 | 24 | objection noted (Carey, J) notice sent |
| 08/27/1987 | 25 | Ex-parte Motion to continue sexually dangerous person hearing pending |
| 08/27/1987 | 25 | appeal denied - objection noted (Carey, J) |
| 09/01/1987 | 26 | NOTICE of APPEAL FILED |
| 09/01/1987 | 27 | Notice of appeal from sentence to Appellate Division |
| 09/24/1987 | 28 | Notice of service of notice of appeal |
| 09/24/1987 | 29 | Order issued for preparation of transcript |
| 10/23/1987 | 30 | MEMORANDUM re hearing under G.L. Chapter 123A on determination of |
| 10/23/1987 | 30 | sexually dangerous person - copies sent to District Attorney and |
| 10/23/1987 | 30 | Attorney (Carey, J) |
| 10/26/1987 | 31 | Motion by Deft: for revision or revocation of sentence, affidavit and |
| 10/26/1987 | 31 | certificate of service - copy sent to Judge Carey |
| 11/16/1987 | | Transcript filed |
| 12/07/1987 | 32 | Notice of assembly of record; mailed to Appeals Court |
| 02/16/1988 | | Re: motion to revise and revoke sentence - denied without further |
| 02/16/1988 | | hearing after consideration of the report dated 2/3/88 and |
| 02/16/1988 | | accompanying materials (Carey, J) notice sent 2/22/88 |
| 07/01/1988 | 33 | Notice from Appellate Division dated 5/6/88 - ordered: that the |
| 07/01/1988 | 33 | judgments imposing said sentences stand and that said appeal be and |
| 07/01/1988 | 33 | is hereby dismissed. |
| 10/17/1988 | 34 | Motion by Deft: to stay proceedings |

5

10/26/1988  35  Motion by Deft: for new trial
10/31/1988  36  Copy of plaintiff's letter withdrawing motion to vacate stay of
10/31/1988  36  appellate proceedings
11/08/1988      Re: Defendant's motion for new trial - this motion is denied without
11/08/1988      a hearing for the same reasons as set forth in the courts findings in
11/08/1988      the companion and consolidated case of comm. vs. Laura Tufts,
11/08/1988      whichfindings in said Tufts case are incorporated herein as being the
11/08/1988      same findings and reason for denying the within motion said motion
11/08/1988      raising no additional issues (Carey, J) notice sent
11/30/1988  37  Copy of findings made in companion case
11/30/1988  38  NOTICE of APPEAL FILED Re: denial of motion for new trial
12/12/1988  39  Notice of service of notice of appeal copy sent. The Hon. William H.
12/12/1988  39  Carey - Charles J. Hely, Asst. District Attorney
06/05/1991  41  Motion by Deft: for trial transcript
01/07/1992  42  Motion for release of all probation records
01/15/1996  43  Motion by Deft: for appointment of Committee for Public Counsel
01/15/1996  43  Services post conviction screening panel and affidavit
01/23/1996      Motion (P# 43) referred to Committee for Public Counsel Services for
01/23/1996      review as to appointment of counsel on post-conviction matters
01/23/1996      (Gershengorn, J) notice sent
01/23/1996  44  Committee for Public Counsel Services appointed (Gershengorn, J)
01/23/1996  44  notice sent
04/29/1997  45  Motion by Deft: for indigent court costs and affidavit
06/17/1998  46  Motion by Deft: to release portion of the probation report - Court
06/17/1998  46  orders Commonwealth to respond by 7/17/98 and all materials to be
06/17/1998  46  submitted to the First Session for decision (Dortch-Okara, J) notice
06/17/1998  46  sent
07/03/1998  47  Commonwealth files opposition to the defendant's motion to release a
07/03/1998  47  portion of the probation report - copy sent to Judge Dortch-Okara
07/03/1998  47  7/9/98
07/13/1998  48  Deft files response to Commonwealth's opposition - copy sent to
07/13/1998  48  Dortch-Okara 7/30/98
08/04/1998      Motion by Deft: to release portion of the probation report allowed
08/04/1998      (Dortch-Okara, J) notice sent
10/27/1998  49  Motion for the release of witness statements and affidavit
12/02/1998  50  ORDER: on defendant's motion to produce statements - ordered that the
12/02/1998  50  Commonwealth shall deliver to this court all such records along with
12/02/1998  50  a writen statement (Volterra, J) notice sent to District Attorney,
12/02/1998  50  Attorney and Defendant
12/02/1998  50  Commonwealth files opposition to the defendant's motion to release
12/02/1998  50  witness statements in the possession of the District Attorney's Office
04/17/2001  51  Appearance of Deft's Atty: Deirdre Thurber
04/17/2001  52  Motion by Deft: for funds for an expert

04/17/2001   53   Motion by Deft: for post-conviction relief and exhibits
04/26/2001        Motion by Deft: for post-conviction relief - Comm to respond within
04/26/2001        30 days and all materials to be submitted to the First Session for
04/26/2001        further handling (Butler, J) notice sent 5/18/01,
05/29/2001   54   Motion by Commonwealth: for enlargement of time to file response to
05/29/2001   54   defendant's motion for post-conviction relief allowed to 7/20/01
05/29/2001   54   (Butler, J) notice sent 5/29/01
07/02/2001   55   Commonwealth files opposition to defendant's motion for
07/02/2001   55   post-conviction relief and certificate of service - copy sent to
07/02/2001   55   First Session Judge
08/06/2001   56   Deft files Rebuttal to the Commonwealth's opposition to defendant's
08/06/2001   56   motion for post-conviction relief
02/28/2003   57   MEMORANDUM & ORDER: on defendant's motion for post-conviction relief

02/28/2003   57   - denied (Agnes,J) notice sent
02/28/2003   58   Commonwealth files motion for reconsideration - copy sent to Asst.
02/28/2003   58   District Attorney
03/03/2003   59   Motion by Deft: for indigent court costs
03/03/2003   60   Deft files affidavit in support of motion for funds
03/04/2003   61   Deft files opposition to commonwealth's motion for reconsideration -
03/04/2003   61   Atty. Thurber sent copy to Judge Agnes
03/06/2003        Motion (P#58) - For the reasons set forth in the Commonwealth's
03/06/2003        motion expecially the impact of Comm. v. Randolph 435 Mass. 290. 296
03/06/2003        (2002) this motion is allowed and the defendant's motion for a new
03/06/2003        trial is denied. The defendant, view that ineffectiveness claim based
03/06/2003        in the failure to challenge the foundational basis for scientific
03/06/2003        evidence survives a determination the the admissibility of the
03/06/2003        evidence did not creae a substantial risk of a miscarriage of justice
03/06/2003        is incorrect, See Commonwealth vs. Azar, 435 Mass 675, 686 (2002)
03/06/2003        (Agnes,J) M Hickey, Asst. Clerk
03/06/2003        Motion (P# 59) - For the reasons set forth in the Court's revised
03/06/2003        memorandum of decision dated this day. Motion is denied (Agnes, J) M.
03/06/2003        Hickey, Asst. Clerk
03/10/2003   62   MEMORANDUM & ORDER: on defendant's motion for post-conviction relief

03/10/2003   62   - For the foregoing reasons, it is hereby ordered the defendant's
03/10/2003   62   motion for new trial is denied (Agnes, J) copy sent to Asst. District
03/10/2003   62   Attorney and Atty. Thurber
03/17/2003   63   NOTICE of APPEAL FILED - Re: denial of post conviction relief
03/18/2003   64   Notice of service of notice of appeal
04/16/2003   65   Notice of assembly of record; mailed to Appeals Court per Rule 9(d)
04/23/2003   66   Notice of Entry of appeal received from the Appeals Court #2003-P-0530
05/11/2004   67   Rescript received from Appeals Court; judgment AFFIRMED 3/10/03 -

05/11/2004   67   Order entered denying motion for new trial affirmed - By the court,
05/11/2004   67   (Lenk, Gelinas & Trainor, JJ>), Ashley Ahearn, Clerk 4/12/04


--------------------------------------------------------------------------------
Charges

--------------------------------------------------------------------------------

14 Charges for Docket: NOCR1986-84001

No.   Charge Description:   Indictment:   Status:
1   RAPE OF CHILD WITH FORCE c265 s22A       Guilty verdict
2   ASSAULT TO RAPE CHILD c265 s24B       Guilty verdict
3   CHILD IN NUDE, LASCIVIOUS POSE/EXHIBIT c272 s29A(a)       Guilty verdict
4   INDECENT A&B ON CHILD UNDER 14 c265 s13B       Guilty verdict
5   CHILD IN NUDE, LASCIVIOUS POSE/EXHIBIT c272 s29A(a)       Guilty verdict
6   INDECENT A&B ON CHILD UNDER 14 c265 s13B       Guilty verdict
7   A&B c265 s13A(a)       Not guilty verdict
8   INDECENT A&B ON CHILD UNDER 14 c265 s13B       Guilty verdict
9   RAPE OF CHILD, STATUTORY c265 s23       Guilty verdict
10   INDECENT A&B ON CHILD UNDER 14 c265 s13B       Not guilty finding
11   A&B c265 s13A(a)       Not guilty verdict
12   RAPE OF CHILD, STATUTORY c265 s23       Not guilty finding
13   INDECENT A&B ON CHILD UNDER 14 c265 s13B       Not guilty finding
14   RAPE OF CHILD, STATUTORY c265 s23       Guilty verdict


--------------------------------------------------------------------------------
© Copyright, Massachusetts Administrative Office of the Trial Court, 2000 - 2001.