UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH E. DOCKHAM,
                Petitioner,

      v.                                      Civil Action No.  05-11053-NMG

MICHAEL CORSINI,
                Respondent.

MEMORANDUM AND ORDER

GORTON, D.J.

      Before the Court is Plaintiff's Motion for Appointment of Counsel (#3) in connection with his petition for habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons stated below, the motion is denied.

      Title 18 U.S.C. § 3006A(2)(B) authorizes the appointment of counsel for an indigent party in cases seeking relief under 28 U.S.C. §2241, §2254, or §2255.  Funds for representation are payable as prescribed in Criminal Justice Act.  Appointment of counsel may be provided if the Court determines the "interests of justice so require." 18 U.S.C. § 3006A(2)(B).  The decision to appoint counsel is discretionary, and neither a civil litigant nor a habeas petitioner has a constitutional or statutory right to appointed counsel.  Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996), cert. denied, 519 U.S. 894 (1996); Jackson v. Coalter, 337 F.3d 74 (1st Cir. 2003)(state prisoner had no right to counsel to collaterally attack sentence).

      In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See DesRosiers v. Moran, 949 F. 2d 15, 23 (1st Cir. 1991). See also Manisy v. Maloney, 283 F. Supp. 2d 307, 317 (D. Mass. 2003)(Memorandum and Order on Report and Recommendation of Magistrate Judge Dein, adopted (on the denial of

counsel issue) by Judge Stearns by Memorandum and Order (#32) dated September 4, 2003 in C.A. 01-11849-RGS).  In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  DesRosiers, 949 F. 2d at 23-24 (citations omitted).

Here, the Court has denied Petitioner *in forma pauperis* status, finding he has the ability to pay the $5.00 filing fee for habeas petitions.  Even if this Court were to find Petitioner qualified for *in forma pauperis* status as it relates to appointment of counsel, he has not demonstrated the kind of  "exceptional circumstances" that warrant appointment of counsel under 18 U.S.C. § 3006A.

There is no indication in the pleadings that the Plaintiff is unable to represent himself competently due to lack of mental capacity or lack of understanding of the English language.  In fact, Petitioner's pleadings to date appear to be well-organized and coherent, suggesting a proficiency in the English language and at least some familiarity with legal terms and procedures, and relevant law.  The fact that Petitioner is a prisoner and is unable to retain his own counsel, or that absent counsel, he may not be on a level playing field with the Defendant, is insufficient to justify appointment of counsel .  Similarly, the assertion that he is unskilled in the law, and has limited library access or assistance in prison, does not provide sufficient justification for appointment of counsel.  If such assertions were deemed sufficient to provide a basis for appointment of counsel, then virtually every *pro se* habeas prisoner would qualify.  Moreover, despite Petitioner's assertions, at this time the petition does not appear to present complex or novel issues of law or fact which would otherwise warrant appointment of counsel.

It appears the Respondent's Motion to Dismiss is premised on the untimeliness of the petition.

Accordingly, the motion for appointment of counsel is Denied.


Dated: June 30, 2005                         /s/ Nathaniel M. Gorton
                                             NATHANIEL M. GORTON
                                             UNITED STATES DISTRICT JUDGE