UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FIRST CIRCUIT                           CIVIL ACTION NO. 05-11053-NMG


JOSEPH E. DOCKHAM
          PETITIONER
                                        AFFIDAVIT IN SUPPORT OF MOTION
     V.                                 FOR RECONSIDERATION OF APPOINTMENT
                                        OF COUNSEL TO REPRESENT PETITIONER
MICHAEL CORSINI
          RESPONDENT


I, Joseph E. Dockham, do hereby depose and say:

    1. That I am a person whom is without adequate funds with which to hire a private, competent, knowledgeable and fully skilled attorney, whom is well versed in State, Federal and Constitutional Law.

    2. That the issues of Wrongful Conviction, Ineffective Assistance of Counsel and "Waiver" are in fact "Complex" in nature, and may very well give rise to Constitutional claims, to which the petitioner holds no knowledge, nor does he retain the skill to do the proper research that would be required.

    3. The petitioner's issue of "Waiver" regards the representation during Trial, Appeal and first Rule 30 by the <u>same court appointed attorney</u>, who was appointed in the District court on a care and protection (C&P) case. In like circumstances the State court have held that claims of Ineffective Assistance of Counsel are not deemed "Waived". Commonwealth V. Sowell 34 Mass. App. Ct.229 (1993), Commonwealth V. Ianoue 400 Mass. 1007 (1987) further Appeal 409 Mass. 1 (1990). Quoting Commonwealth V. Sowell (FN4) "Excepting

[ 1. ]

Ineffective Assistance of Trial counsel from waiver rule is especially realistic when Trial counsel also acts as direct appeal counsel, and, therefore is unlikely to be "Self-critical" on appeal.

4. The State courts have continued to agree that Ineffective Assistance of Counsel is unlikely to be raised by counsel toward one's self. In cases where a defendant has been represented by same said counsel at Trial and on Appeal it has been ruled that a claim of Ineffective Assistance of Counsel <u>CAN BE RAISED AT FIRST POSSIBLE CHANCE</u>.

5. That in the case of the petitioner the issues which he is presenting in his petition for Habeas Corpus reflect the above stated rulings as regarding to Ineffective Assistance of Counsel and the issue of "Waiver". The Rule 30 motion under question in his petition for Habeas Corpus involves these very issues. This Rule 30 motion was the very first chance that he had to raise these very issues.

6. The issues being raised are complex in nature and may very well raise Constitutional issues/claims. These such issues/claims raise challenges not understood by person(s) with no knowledge in the very complicated are of "Constitutional Law".

7. That in the "Interest of Justice" true Justice would be best served in this case if counsel were appointed to represent the petitioner.

8. That his previous State appointed counsel (Post-Conviction Rule 30) has informed said party that it would be in his best interest to file a motion for appointment

[ 2. ]

of counsel, as she believes that there were some grievous errors made on the petitioner's case, errors which would require competent, knowledgeable and skilled representation.

9. That the petitioner, would require competent, knowledgeable and skilled legal counsel to ensure that he would be afforded proper legal representation and that he would not be effectively precluded from presenting all pertinent facts as pertaining to all issues being presented to the Honorable Court.

THIS AFFIDAVIT DRAFTED THIS 29th DAY OF AUGUST IN THE YEAR OF THE LORD 2005

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.

By the Petitioner,

Joseph E. Dockham, pro-se
Bay State Correctional Center
P.O. Box 73    28 Clark St.
Norfolk, MA 02056-0073