## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**FIRST CIRCUIT**                    **CIVIL ACTION NO. 05-11053-NMG**

JOSEPH E. DOCKHAM
     PETITIONER

                    PETITIONER'S MEMORANDUM OF LAW IN
     V.             SUPPORT OF MOTION IN RESPONSE TO
                    RESPONDENT'S MOTION TO DISMISS

MICHAEL CORSINI
     RESPONDENT

       The Petitioner, Joseph E. Dockham, submits this memorandum
of law in support of his response to Respondent's motion
to dismiss with prejudice his petition for writ of habeas
corpus.   The Petitioner states that he is not time barred
as stated by the Respondent, but that he clearly falls under
the "EXCEPTION" as follows: 28 USC § 2244 (d)(2); "Quoting"

       The time during which a properly filed application
for State post-conviction or other collateral review with
respect to the pertinent judgement or claim is pending shall
not be counted toward any period of limitation under this
subsection.   (see exhibit A)

In compliance with the above the Petitioner would beseech
the Honorable Court to disallow the Respondent's motion
to dismiss and allow the petitioner to proceed forward with
his petition for habeas corpus,

### PRIOR PROCEEDINGS

       The Respondent's facts regarding prior proceedings,
hold true through and up to the point of the paragraph regarding
the statement of several motions filed during the 1990's.

       On January 23, 1996 the Petitioner filed a successful
motion before the Norfolk Superior Court requesting the

appointment of counsel from the Committee for Public Counsel Services to review his case regarding issues to support a Post-conviction Relief Rule 30 motion. (see exhibit B) The Petitioner states that this properly filed motion meets the standard as set forth in 28 USC § 2244 (d)(2).

The Petitioner, Joseph E. Dockham, states that the documents contained under exhibit C within his current action will serve to show the Honorable Court that the end result of said filed motion was the decision rendered by the Supreme Judicial Court on June 30, 2004.

## ARGUMENT

As stated in 28 USC § 2244 (d)(2), the "Exception" or "Excludable" periods include "[t]he time during which a properly filed application for State post-conviction or other collateral review is pending... Gaskins V. Duval 183 Fed. 3rd 8 (1999) Applying the tolling provision encourages respect for the principle of comity and compliance with the **requirement** that, ordinarily, a state prisoner **must** first exhaust his state court remedies before seeking Federal Habeas Relief.

The motion (see exhibit B) which was properly filed and accepted by the court in paragraph #2 clearly states, "The Defendant, states that given the opportunity to have C.P.C.S. Post-conviction screening panel review his case he feels that he would have strong issues with which to move forward with a Rule 30 under Post-conviction relief".

[ 2. ]

In the affidavit in support of said motion to appoint C.P.C.S. screening panel, paragraph #3 clearly states, "That at the time of trial I was effectively precluded from proper trial representation due to lack of skill and training of my then court appointed attorney in regards to the nature of the offense to which I was charged". Paragraph #4 clearly states, "That given the opportunity to have the Post-conviction screening panel review my case that several pertinent issues will be brought forward that will allow for grounds with which to move toward Post-conviction relief under a Rule 30".

I believe the fact that this motion was allowed and counsel was appointed to represent me on the most recent Rule 30 motion, the end result being the decision and ruling by the Supreme Judicial Court on June 30, 2004 would qualify under the "Exception to the rule" as pertaining to collateral attack. Fields V. Johnson 159 Fed. 3rd 914 (5th Cir. 1998) Strict one-year "reasonableness period" following effective date of AEDPA, during which Federal Habeas petitions and motions to vacate that otherwise would have been time-barred immediately upon effective date of AEDPA could still be filed, is subject to AEDPA's express tolling provisions for time spent PURSUING state Post-conviction or other collateral review.

The original motion filed January 1996 (exhibit B) together with the documents listed as (exhibit C) will serve to show the Honorable Court the process from 1996 through to the decision by the Supreme Judicial Court on June 30, 2004.

[ 3. ]

These documents will fit the exceptions regarding the attempts by the government (District Attorney's and Probation offices of the Norfolk Superior Court) to impede relief and newly discovered facts that raises doubts about the conviction. Which is believed to fall within the perimeters of 28 USC § 2244 (d)(1)(D). Quoting Lattimore V. DuBoise 311 Fed. 3rd 46 (1st Cir. 2002) **Limitations of Actions:** 104.5 Equitable tolling is reserved for cases in which circumstances beyond the litigants control have prevented him from promptly filing.

## CONCLUSION

FOr the foregoing reasons, the Honorable Court should disallow the Respondent's Motion to dismiss with prejudice Petitioner's petition for Writ of Habeas Corpus and allow the Petitioner to proceed with said Writ of Habeas Corpus.

Respectfully submitted,

Joseph E. Dockham, pro-se
Bay State Correctional Center
P.O. Box 73   28 Clark St.
Norfolk, MA 02056-0073

Dated this 29th day of
August 2005

## Certificate of service

I hereby certify that a true copy of the above document was served on Daniel I. Smulow, Assistant Attorney General, Criminal Bureau, One Ashburton Place, Boston, MA 02108, by first class mail, postage prepaid, on 29   August 2005

Joseph E. Dockham

[ 4. ]

# EXHIBIT A



**Search Terms: 28 U.S.C.2244**

**FOCUS™**   Search Within Results

Edit Search

Print   Email

Document List   Expanded List   KWIC   Full

**Document 1 of 3.** next▸▸

More Like This

UNITED STATES CODE SERVICE
Copyright © 2005 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

\*\*\* CURRENT THROUGH P.L. 109-15, APPROVED 6/17/05 \*\*\*

TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE
PART VI. PARTICULAR PROCEEDINGS
CHAPTER 153. HABEAS CORPUS

**GO TO CODE ARCHIVE DIRECTORY FOR THIS JURISDICTION**

28 USCS § 2244 (2005)

Review expert commentary from The National Institute for Trial Advocacy

2244. Finality of determination

) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to quire into the detention of a person pursuant to a judgment of a court of the United States if it appears at the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255 [28 USCS § 2255].

(b) (1) A claim presented in a second or successive habeas corpus application under section 2254 [28 USCS § 2254] that was presented in a prior application shall be dismissed.
  (2) A claim presented in a second or successive habeas corpus application under section 2254 [28 USCS § 2254] that was not presented in a prior application shall be dismissed unless--
    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
      (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
  (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
    (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
    (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
    (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
    (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
  (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

(c) In a habeas corpus proceeding brought in behalf of a person in custody pursuant to the judgment of a State court, a prior judgment of the Supreme Court of the United States on an appeal or review by a writ of certiorari at the instance of the prisoner of the decision of such State court, shall be conclusive as to all issues of fact or law with respect to an asserted denial of a Federal right which constitutes ground for discharge in a habeas corpus proceeding, actually adjudicated by the Supreme Court therein, unless the applicant for the writ of habeas corpus shall plead and the court shall find the existence of a material and controlling fact which did not appear in the record of the proceeding in the Supreme Court and the court shall further find that the applicant for the writ of habeas corpus could not have caused such fact to appear in such record by the exercise of reasonable diligence.

(d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## HISTORY:

(June 25, 1948, ch 646, § 1, 62 Stat. 965; Nov. 2, 1966, P.L. 89-711, § 1, 80 Stat. 1104; April 24, 1996, P.L. 104-132, Title I, §§ 101, 106, 110 Stat. 1217, 1220.)

## HISTORY; ANCILLARY LAWS AND DIRECTIVES

Prior law and revision:
    This section makes no material change in existing practice. Notwithstanding the opportunity open to litigants to abuse the writ, the courts have consistently refused to entertain successive "nuisance" applications for habeas corpus. It is derived from H. R. 4232 introduced in the first session of the Seventy-ninth Congress by Chairman Hatton Sumners of the Committee on the Judiciary and referred to that Committee.
    The practice of suing out successive, repetitious, and unfounded writs of habeas corpus imposes an unnecessary burden on the courts. See _Dorsey v Gill_ (1945) 148 F.2d 857, cert den 325 U.S. 890, 89 L.Ed. 2003, 65 S.Ct. 1580, in which Miller, J., notes that "petitions for the writ are used not only as they should be to protect unfortunate persons against miscarriages of justice, but also as a device for harassing court, custodial, and enforcement officers with a multiplicity of repetitious, meritless requests for relief. The most extreme example is that of a person who, between July 1, 1939, and April 1944, presented in the District Court 50 petitions for writs of habeas corpus; another person has presented 27 petitions; a third, 24; a fourth, 22; a fifth, 20. One hundred nineteen persons have presented 597 petitions--an average of 5."
    This section was enacted as amended by the Senate with the following explanation:
    "The amendment to section 2244 is proposed by the Judicial Conference of Senior Circuit Judges. The original language of the section denies to Federal judges the power to entertain an application for a writ of habeas corpus where the legality of the detention has been determined on a prior application for such a writ, and the later application presents no new grounds. The amendment proposed to modify this provision so that, while a judge need not entertain such a later application for the writ under such circumstances, he is not prohibited from doing so if in his discretion he thinks the ends of justice require its consideration.
    "In view of the amendment which will permit a second application to be considered when the ends of justice require it, the original provision of the section, authorizing the judge who heard the original application to grant a rehearing thereof, is omitted by the amendment as unnecessary. Accordingly, the reference to rehearing in the catch line of the section is omitted.".

Amendments:
    1966. Act Nov. 2, 1966 designated existing matter as subsec. (a), deleted therefrom ", or of any State," following "pursuant to a judgment of a court of the United States", and added subsecs. (b) and (c).
    1996. Act April 24, 1996, in subsec. (a), substituted ", except as provided in section 2255." for "and the petition presents no new ground not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry."; substituted subsec. (b) for one which
    read: "(b) When after an evidentiary hearing on the merits of a material factual issue, or after a hearing on

# EXHIBIT B

*Clerk: Please Date + Stamp This Copy when Matters Filed And Return To me. Thank you J.D.*

# COMMONWEALTH OF MASSACHUSETTS

## DEDHAM SUPERIOR COURT

**NORFOLK, SS**                                    NOS. **84001-014**

| | | |
|---|---|---|
| COMMONWEALTH | ★ | **MOTION FOR APPOINTMENT OF** |
| | ★ | |
| V. | ★ | **COMMITTEE FOR PUBLIC COUNSEL SERVICES** |
| | ★ | |
| JOSEPH DOCKHAM | ★ | **POST CONVICTION SCREENING PANEL** |

Now comes the Defendant, Joseph Dockham, in the above entitled action, Whom acting pro-se moves the Honorable Court to appoint the Committee for Public Counsel Services Post Conviction Screening Panel to review his case.

1. The Defendant, states that after being advised to contact the committee for public counsel services, and with the advise of C.p.c.s. now comes before with his motion to appoint.

2. The Defendant, states that given the opportunity to have C.p.c.s. Post conviction screening panel review his case he feels that he would have strong issues with which to move forward with a rule 30 under post conviction relief.

3. The Defendant, states that due to his present incarceration he is unable to afford to retain private counsel, thus effectively precluding him for proper representation.

4. The Defendant, states that due to his incarceration he is indigent in that he is a person whom is without funds to pay for any fees incurred during this action.

**THE DEFENDANT, JOSEPH DOCKHAM PRAYS THAT THE HONORABLE COURT WOULD GRANT TO HIM THIS MOTION NOW SET BEFORE IT.**

This **3** day of January in the year of the Lord **1996**

RESPECTFULLY SUBMITTED,

JOSEPH DOCKHAM Pro-Se
12 Administration Road
Bridgewater, MA 02324

## COMMONWEALTH OF MASSACHUSETTS

### DEDHAM SUPERIOR COURT

**NORFOLK,SS**                                   **NOS. 84001-014**

#### COMMONWEALTH

#### V.

#### JOSEPH DOCKHAM

### AFFIDAVIT IN SUPPORT OF APPOINTMENT
### OF C.P.C.S. POST CONVICTION
### SCREENING PANEL

I, **JOSEPH DOCKHAM,** hereby depose and say:

1. That upon the advice of the committee for public counsel services I have moved to file said motion before this Honorable Court. (please see attached item A)

2. That based upon the decision rendered by Judge Barton in regard to the Amarault case that there are similarities in my case that with the proper representation can be brought forth.

3. That at the time of trial I was effectively precluded from proper trial representation due to the lack of skill and training of my then court appointed attorney in regard to the nature of the offense to which I was charged.

4. That given the opportunity to have the post conviction screening panel review my case that several pertinent issues will be brought forward that will allow for grounds with which to move toward post conviction relief under a rule 30.

I, **JOSEPH DOCKHAM,** have made the affidavit upon first hand knowledge and observation as to the facts, I have relied on specific facts, those facts that are true to the best of my knowledge.

I have made this Affidavit under the pains and penalty of perjury pursuant to Superior Court Rule 15 and G.L. 268 §1A on this __3rd__ day of January _1996_ .

RESPECTFULLY, SUBMITTED,

Joseph Dockham
12 Administration Rd
Bridgewater, MA o2324



*The Commonwealth of Massachusetts*

*Committee for Public Counsel Services*

*470 Atlantic Avenue, Suite 700, Boston, MA 02110*

**HELEN FREMONT**
ACTING DEPUTY CHIEF COUNSEL
PRIVATE COUNSEL DIVISION

WILLIAM J. LEAHY
Chief Counsel

TEL: (617) 482-6212
FAX: (617) 988-8495

**JAMES M. DOYLE**
DEPUTY CHIEF COUNSEL
PUBLIC COUNSEL DIVISION

December 6, 1995

WRITER'S DIRECT DIAL NUMBER

Mr. Joseph E. Dockham, W-43918
Southeastern Correctional Center
12 Administration Road C1 #4
Bridgewater, MA 02324

Dear Mr. Dockham:

Your letter of November 8, 1995 received by this office November 16 has been referred to me for review.

The Committee for Public Counsel Services is able to automatically assign counsel only when there is a right to counsel. In a criminal case, a right to counsel exists only for the trial stage of a case and the direct appeal. Since both of those levels are over in your case, you will have to file a pro se motion with your trial judge (if she/he has retired, then with the clerk of the court in which your trial was held) asking that the court appoint the Committee for Public Counsel Services Post Conviction Screening Panel. If the panel is appointed, an experienced attorney will review your case and recommend to the Committee for Public Counsel Services' Chief Counsel William J. Leahy whether counsel is "necessary" and whether he should take the extraordinary step of assigning counsel in your case. While this can be a time consuming process since our panel is small, it is the only way to seek counsel at this stage of your case.

Good luck to you. I have enclosed a copy of the notice sent to all Superior Court judges regarding the Panel. If your pro se motion to have the Post conviction Screening Panel appointed is denied, please let me know.

Very truly yours,

Leslie Walker

Leslie Walker, Esq.
Dir., Legal Resources
& Support Services
Private Counsel Division

LW:pw

ENCLOSURE

( ITEM- A )

**COMMONWEALTH OF MASSACHUSETTS**

**NORFOLK, SS**                                    NOS. **84001-014**

## AFFIDAVIT OF INDIGENCY AND REQUEST FOR WAIVER, SUBSTITUTION OR STATE PAYMENT OF FEES AND COSTS

Pursuant to General Laws c. 261, §§ 27A-G, the applicant, **Joseph Dockham** affirms as follows:

1. Applicant is indigent in that he is a person:

Whose income, after taxes is 125%, or less of the current poverty threshold annually established by the Community Services Administration pursuant to § 625 of the Economic Opportunity Act, as amended.

2. Applicant respectfully requests that all costs and fees including but not limited to filing fees, copy fees and production fees ect. Be either waived or paid for by the state.

**Signed under the pains and penalties of perjury:**

This 3Rd day of January 1996.

Signature of applicant:

Typed/Printed name:

Joseph Dockham
Address of Applicant:

Southeastern Correctional
Center
12 Administration Rd.
Bridgewater, MA 02324

**COMMONWEALTH OF MASSACHUSETTS**

**DEDHAM SUPERIOR COURT**

NORFOLK, SS

NOS.

COMMONWEALTH

V.

\* **MOTION FOR APPOINTMENT OF**

\* **COMMITTEE FOR PUBLIC COUNSEL SERVICES**

\* **POST CONVICTION SCREENING PANEL**

Now comes the Defendant, Joseph Dockham, in the above entitled action, Whom acting pro-se moves the Honorable Court to appoint the Committee for Public Counsel Services Post Conviction Screening Panel to review his case.

1. The Defendant, states that after being advised to contact the committee for public counsel services, and with the advise of C.p.c.s. now comes before with his motion to appoint.

2. The Defendant, states that given the opportunity to have C.p.c.s. Post conviction screening panel review his case he feels that he would have strong issues with which to move forward with a rule 30 under post conviction relief.

3. The Defendant, states that due to his present incarceration he is unable to afford to retain private counsel, thus effectively precluding him for proper representation.

4. The Defendant, states that due to his incarceration he is indigent in that he is a person whom is without funds to pay for any fees incurred during this action.

**THE DEFENDANT, JOSEPH DOCKHAM PRAYS THAT THE HONORABLE COURT WOULD GRANT TO HIM THIS MOTION NOW SET BEFORE IT.**

This 3rd day of January in the year of the Lord 1996

RESPECTFULLY SUBMITTED,

JOSEPH DOCKHAM Pro-Se
12 Administration Road
Bridgewater, MA 02324

# EXHIBIT C



*The Commonwealth of Massachusetts*

*Committee for Public Counsel Services*

*470 Atlantic Avenue, Suite 700, Boston, MA 02210*

WILLIAM J. LEAHY
Chief Counsel

TEL: (617) 482-6212
FAX: (617) 988-8495

PATRICIA A. WYNN
DEPUTY CHIEF COUNSEL
PRIVATE COUNSEL DIVISION

JAMES M. DOYLE
DEPUTY CHIEF COUNSEL
PUBLIC COUNSEL DIVISION

WRITER'S DIRECT DIAL NUMBER

February 1, 1996

Mr. Joseph E. Dockham. W-43918
12 Administration Rod. CI #4
Bridgewater, MA 02324

Dear Mr. Dockham:

It could take a couple of months before you hear from the court. It's a good idea to send reminder letters every two weeks. Did you attach a copy of the memo to judges? If you didn't send the memo to the court you should. I've enclosed another copy.

Good luck.

Very truly yours,

Leslie Walker

Leslie Walker, Esq.          *Pw*
Dir., Legal Resources
and Support Services
Private Counsel Division

LW:pw

lw\joseph.doc

C-1a



*The Commonwealth of Massachusetts*

*Committee for Public Counsel Services*

*470 Atlantic Avenue, Suite 700, Boston, MA 02210*

PATRICIA A. WYNN
DEPUTY CHIEF COUNSEL
PRIVATE COUNSEL DIVISION

WILLIAM J. LEAHY
CHIEF COUNSEL

TEL: (617) 482-6212
FAX: (617) 988-8495

JAMES M. DOYLE
DEPUTY CHIEF COUNSEL
PUBLIC DEFENDER DIVISION

WRITER'S DIRECT DIAL NUMBER

Mr. Joseph Doeblan

Your request for counsel has been referred to a Committee
for Public Counsel Services panel of experienced attorneys
assigned to review post-conviction collateral matters.   An
attorney from that panel has been appointed to review your case
and make a recommendation to Chief Counsel William J. Leahy as to
whether counsel should be assigned to represent you.

The process takes several months, so please be patient.   You
will hear from us once a decision has been made as to whether to
appoint counsel.   Until then, good luck.   If you have any
questions, please write Susan Jacobson, Paralegal, at the above
address.

## DEIRDRE L. THURBER

*Attorney*

*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

March 18, 1996

Joseph Dockham
W-43918
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA 02324

Re:    *Commonwealth v. Joseph Dockham*
       Nos.: 84901 - 84912

Dear Mr. Dockham:

I have appointed by the Committee for Public Counsel Services to review your case to determine if lawyered post-conviction relief is warranted. Please be advised that I am not your attorney. If, after I review all the relevant materials and complete my research, I determine that there is legal merit in your appeal and CPCS agrees, I will then be appointed as your attorney. To assist me in making my determination, I need to review the Grand Jury transcripts, any hearing transcripts and the trial transcript. If you have those, or any other important documents that you want me to consider in your possession, I would appreciate it if you could forward them to me at your earliest convenience.

Thank you for your co-operation.

Sincerely,

Deirdre Thurber

## DEIRDRE L. THURBER

*Attorney*

**19 Bloody Pond Road**
**Plymouth, MA 02360**
**(508) 224-2980**

April 3, 1996

Joseph Dockham
W-43918
Southeastern Correctional Center
12 Administration Road  C1 #4
Bridgewater, MA  02324

Re:    *Commonwealth v. Joseph Dockham*
       No.: 84001-12

Dear Mr. Dockham:

I received your letter yesterday. Thank you for the information concerning your files and transcripts. I have written to Mr. Doolin for a copy of the trial transcript. Depending on the issues raised by my review of the trial, I will decide what information I need from Mr. Cunningham and will make the appropriate request of him.

Please feel free to contact me as a general rule on Mondays and Wednesdays until 3 p.m. and Fridays until 2:30 pm. I advise waiting a couple of weeks until I have the opportunity to receive and review your trial transcript. Until I have done that, I will not have sufficient information to intelligently discuss your case.

Sincerely,

Deirdre Thurber

C-1d

### DEIRDRE L. THURBER

*Attorney*

*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

May 9, 1996

Joseph Dockham
W-43918
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA  02324

Re:    *Commonwealth v. Joseph Dockham*
       Nos.  84001-84012

Dear Mr. Dockham:

I have completed reviewing your trial transcripts as well as studying the Supreme Judicial Court's decision in your direct appeal. I have also reviewed the *Amirault* decisions since they are the leading cases in this area. I spoke at length with Mr. Doolin at your request. He thought that a possible issue for appeal in your case might be the lack of confrontation between you and the child, however, that issue was discussed thoroughly by the SJC, so cannot be the subject of an additional appeal pursuant to Rule 30.

Before I make my final conclusion and recommendation to CPCS, I want to review the Rule 30 Motion that you filed in 1988 and its denial. I am writing to the Clerk to obtain a copy of that today. If there is anything else you would like me to consider, please notify me as soon as possible so that I can complete my review thoroughly and expeditiously.

In the interim, if you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

Deirdre Thurber

### *DEIRDRE L. THURBER*

*Attorney*

*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

June 5, 1996

Joseph Dockham
Southeastern Correctional Center
12 Administration Road C1 #4
Bridgewater, MA 02324

Re:    *Commonwealth v. Joseph Dockham*
       No.:  84001-12

Dear Mr. Dockham:

I have reviewed the transcript concerning the state witness who was apparently present in court but not called to testify. That witness was called in the event that the assistant district attorney chose to present rebuttal testimony. Rebuttal testimony is testimony that contradicts something said by the defense witnesses. Reading between the lines and based upon her questioning of you concerning the dumpsters behind the storage area, I assume this witness might have had something to say about whatever she saw in those dumpsters. The ADA did not need that evidence to prove her case against you. The evidence would only have gone to show that you lied in some way in your testimony. The fact that the ADA chose not to put that witness on the stand did not hurt you, but instead kept evidence off that might have indicated that your trial testimony was untruthful. Obviously, under these conditions, the decision of the defense attorneys not to put this witness on the stand was in your best interest.

I have also reviewed the transcripts and docket entry sheets to ascertain exactly under which statutes you were prosecuted. You were charged with violation of M.G.L. c. 272 sec. 29A which involves the taking of pornographic photographs only, not the dissemination (publication) of them. No where in the statute or in the cases that have been prosecuted under the statute has there been a requirement that the photographs be presented as evidence. As I explained in my earlier letter, there are many instances where weapons, personal property and other such "evidence" is unavailable, but the witness's testimony concerning the existence at one time of that evidence is sufficient if believed by the jury. Apparently in your case, the jury believed Eric's testimony concerning the taking of pictures while involved in these activities.

My review and research reveals no legal issue of merit that has a reasonable possibility of success if presented in a Rule 30 Motion. I will be forwarding my recommendation to the Committee for Public Counsel Services shortly. I regret that there is nothing more that I can do on your behalf. If the

C-1f

Joseph Dockham
June 5, 1996
Page 2

Committee agrees with my assessment, you can still proceed *pro se*. Unless I hear from you to the contrary, I will return your papers to Mr. Doolin. I wish you the best in your future endeavors.

Sincerely,

Deirdre Thurber

Deirdre Thurber



*The Commonwealth of Massachusetts*

*Committee for Public Counsel Services*

*470 Atlantic Avenue, Suite 700, Boston, MA 02210*

**WILLIAM J. LEAHY**
CHIEF COUNSEL

TEL: (617) 482-6212
FAX: (617) 988-8495

PATRICIA A. WYNN
DEPUTY CHIEF COUNSEL
PRIVATE COUNSEL DIVISION

JAMES M. DOYLE
DEPUTY CHIEF COUNSEL
PUBLIC DEFENDER DIVISION

WRITER'S DIRECT DIAL NUMBER

July 8, 1996

Mr. Joseph E. Dockham
12 Administration Road, C1#4
Bridgewater, MA  02324

RE:  <u>Commonwealth</u> v. <u>Joseph Dockham</u>
     Norfolk Superior Court No(s). 840001-012

Dear Mr. Dockham:

     Massachusetts law does not provide you with a right to have
an attorney appointed to represent you in the proceeding
currently before the court.  However, an attorney from the
Committee for Public Counsel Services (CPCS) Post-Conviction
Collateral Screening Panel was assigned to review your case and
inform me, as chief counsel, whether your case presented
circumstances that would warrant my assigning counsel, despite
your not having a "right" to a lawyer.

     The attorney assigned to review your case has advised me
concerning the history and current status of this proceeding.  I
have decided not to assign a lawyer to represent you.

     If you wish to proceed <u>pro se</u>, you may find helpful the
self-help materials written by the staff of Massachusetts
Correctional Legal Services.  You can request a copy of the
packet in writing from either MCLS at 8 Winter Street, Boston, MA
02108, or CPCS, 470 Atlantic Avenue, Suite 600, Boston, MA
02110.

     I regret that limited resources and legal requirements
restrict the availability of legal assistance our office can
provide.

                         Very truly yours,

                         William J. Leahy
                         Chief Counsel                    C-1h

WJL/ds

### *DEIRDRE L. THURBER*

*Attorney*

*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

July 29, 1996

Joseph Dockham
W-43918
Southeastern Correctional Center
12 Administration Road C1 #4
Bridgewater, MA  02324

Re:   *Commonwealth v. Joseph Dockham*
      Nos.: 84001-84012

Dear Mr. Dockham:

While I was doing research in another case on Friday, I came across the enclosed case, *Commonwealth v. Federico*, which was just decided by the Appeals Court on June 27, 1996. It had not been published when I was doing my review of your case. I did some further research after reading *Federico*, and found *Commonwealth v. Perkins*, likewise enclosed. Apparently, the prosecution's use of Brandt and Paradise has been criticized in the past and has been held to be error in very specific situations.

If you are interested in having me re-review that portion of the trial testimony involving their testimony and any objections made thereto, please have only that part of the transcript returned to me. I am making no assurances as to whether you will have any appellate argument based on this, but I am willing to research the issue for you.

I look forward to hearing from you in the near future.

Sincerely,

Deirdre Thurber

Enclosure

## DEIRDRE L. THURBER

*Attorney*

*10 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

October 9, 1996

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA 02324

Re:    *Commonwealth v. Joseph Dockham*
       Nos.: S4001-12

Dear Mr. Dockham:

I have finished my second review of your transcripts. Hopefully, you have read the copies of the *Federico* and *Perkins* cases that I forwarded so that the explanation that follows will make sense.

As you can tell from reviewing those cases, the SJC reversed convictions in child sexual abuse cases where Doctors Paradise and Brant testified in such a manner that the Court felt that their testimony usurped the function of the jury in determining the credibility of the victim. The doctors' testimony in those cases were in response to hypothetical questions wherein the facts in the questions mirrored the testimony of the witnesses. In that way, the answers of the doctors served as corroboration of the witnesses' credibility, which is within the sole purview of the jury.

You have two problems in your case. First, Dr. Brant did not testify in response to hypotheticals that included specific references to the abnormal behavior being exhibited by Eric which were consistent with the behavior of sexually abused children - her testimony was general, like a mini-education. It is my belief that her testimony produced the same result - she made sure that she included in her examples of typical behavior of abused children behavior that Baker said Eric was exhibiting (sexual play, fear of people and places, hiding portions of the body involved in the abuse, etc.). The conclusion the prosecution wanted to draw is obvious - Eric's behavior was the same as that displayed by sexually abused children. Second, the issue of the admissibility of the expert testimony has already been presented to the SJC in your direct appeal. Granted, the Court did not specifically address the issue of whether the doctor's testimony was an illegal bolstering of the witness's credibility, but, if the Court is looking for a way to uphold your conviction and do no work, all they have to do is cite their first decision.

C-2b

Joseph Dockham
October 9, 1996
Page 2

I have reported all this to the Committee for Public Counsel Services, leaving the ultimate decision in their hands. You see, my obligation is not only to try to find a meritorious legal issue, but also one that has a likelihood of success. This one is too close for me to call as to whether there is a likelihood of success. I have suggested to them that this issue, in conjunction with an affidavit from an expert concerning the inherent unreliability of the testimony of a five year old, recalling events that occurred when he was three (assuming one could find an expert with such an opinion), might produce a more compelling Rule 30 motion. Quite frankly, I don't know what their budgeting limitations are, and if it is possible to get the funds at the appellate level to do such an investigation. As soon as I hear anything from them, I will pass it on to you.

This shouldn't be totally disappointing news. If the Committee decides not to appoint counsel, at least you will have a legitimate issue you can pursue on your own. If you decide to proceed after the Committee has made its decision, I will give you what advice I can to help you prepare a Rule 30 motion, if you want my assistance.

If you have any questions, please do not hesitate to contact me. Generally, I am in the office until 2:30 pm. If I do not answer your call, it is because I am not in the office - please try again. I will keep you informed of any developments.

Sincerely,

Deirdre Thurber

### DEIRDRE L. THURBER

*Attorney*

*10 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

October 21, 1996

Joseph Dockham
#W-43918
Southeastern Correctional Center
12 Administration Road C1 #4
Bridgewater, MA 02324

Re:    *Commonwealth v. Joseph Dockham*
       Nos.: 84001-84012

Dear Mr. Dockham:

    I got a reply from CPCS today about the assignment of counsel to
represent you in a motion for postconviction relief based upon the introduction
into evidence of the testimony of Doctors Paradise and Brandt. CPCS has agreed
to appoint counsel.

    Since I have read the transcripts and have done the preliminary research, it
is logical that I represent you. I am more than glad to do so, but I must tell you
that my caseload means that I will not be able to start on this Rule 30 until
December or January. If that delay is acceptable to you, please let me know.
Otherwise, CPCS will assign another attorney to represent you, but I was asked to
tell you that it will take some time to make another appointment and then, of
course, it will take time for that attorney to review your transcripts. The decision
is yours. Please do not hesitate to contact me if you wish to discuss this further.

    I await notification from you as to what you want to do.

Sincerely,

Deirdre Thurber

C-3a

## DEIRDRE L. THURBER

*Attorney*

*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

March 18, 1997

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA  02324

Re:  Commonwealth v. Joseph Dockham
     Nos.:  84001-84012

Dear Joe:

After speaking with you yesterday, I checked my file.  I was
relieved to see that I'm not as unorganized as I sounded on the
telephone.  I did indeed write to the ADA Hinkle back on January
3, but I never received a reply.  I will write to her again, as
well as to Attorney Cunningham. If I get a response, I will let
you know.

In the interim, if you have any other questions or concerns,
please do not hesitate to contact me.  I will keep you apprised.

Sincerely,

Deirdre Thurber

C-4a

## *DEIRDRE L. THURBER*

*Attorney*

*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

March 26, 1997

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA  02324

Re:  *Commonwealth v. Joseph Dockham*
     Nos.:  34001-12

Dear Joe:

I wanted to let you know that I finally received the tape of
Eric's statements to Judy Baker from the DA's office yesterday.
Apparently Hinkle is leaving to join the U.S. Attorney's Office,
so my request to her got lost in the shuffle.  Another member of
the Norfolk DA's Office called me and promised to mail the tapes,
and, miracle of all miracles, followed through on that promise.
I have not yet listened to them, but I hope to later today.

I also heard from Mr. Cunningham.  He indicated that he
would check his files for the tapes, but that will be unnecessary
now.  As we discussed, since the focus of the Rule 30 is the
inadmissibility of the expert testimony, the contents of the
tapes are not really important to the Rule 30.  I plan to start
on that motion within the next week or so.  I'm not the speediest
when it comes to writing, but I will try to get it finished as
best I can.  Please don't hold me to a time frame, because
unexpected interferences always seem to pop up and delay my
schedule.  I will forward my finished product to you as soon as
it is finished.

If you have any questions, please do not hesitate to contact
me.

Sincerely,

Deirdre Thurber

C-4b

### DEIRDRE L. THURBER

*Attorney*

*10 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

April 28, 1997

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA 02324

Re:  *Commonwealth v. Joseph Dockham*
     No.: 84001-84012

Dear Mr. Dockham:

I received your letter of April 19, 1997, and I have
had the opportunity to listen to the tape of the foster
mother questioning Eric. I agree that it is disturbing, and
I would like an expert to evaluate it. I have enclosed a
copy of the Defendant's Motion for Indigent Court Costs and
supporting affidavit of reviewing counsel that I am
submitting to the Court today for just such an expert. I am
not overly hopeful that it will be granted - there is
caselaw that defendants are not entitled to court funds for
POST-CONVICTION proceedings, just trial and direct appeal.
Not all judges and ADAs know of the case, so there is a
chance that this might be granted. However, it is more
likely that it will not be granted. Nonetheless, it is
worth the try, just so that we can say that we tried
everything.

As soon as I hear anything on this Motion, I will
notify you. In the interim, if you have any questions,
please do not hesitate to contact me.

Sincerely,

Deirdre Thurber

Deirdre Thurber

Enclosure

C-5a

COMMONWEALTH OF MASSACHUSETTS
NORFOLK SUPERIOR COURT

NORFOLK, ss.                           Nos.:84001-84012

_____

COMMONWEALTH OF MASSACHUSETTS

v.

JOSEPH DOCKHAM,
   *Defendant/Appellant*

_____

DEFENDANT'S MOTION FOR INDIGENT COURT COSTS

Now comes the defendant, having been determined to be
indigent, in the above-captioned matter and moves this
Honorable Court to authorize expenses not to exceed One
Thousand Dollars ($1000.00) pursuant to M.G.L. c. 261, sec.
27C *et seq.* for a psychiatric expert to evaluate the
reliability of the testimony of a three year old victim
testimony in light of the improper questioning procedures
used to elicit the information concerning the abuse and the
recall abilities of a five year old witness.

Defendant, through counsel, states that the requested
funds are "reasonable necessary to assure (him) as effective
. . . a defense as he would have if he were financially able
to pay", M.G.L. c. 261, sec. 27C(1), *Commonwealth v.
Lockley*, 381 Mass. 156 (1980). Such funds are required to
protect the defendant's rights to equal protection of the
law, to present a defense, and to prepare a Motion for
Post-Conviction Relief as well as to provide the defendant
with due process of law as guaranteed by the 5th, 6th and
14th Amendments to the United States Constitution and by
Article XII of the Declaration of Rights of the Constitution

of the Commonwealth of Massachusetts.  The reasons for such
a request are set forth in the attached affidavit of
counsel.

Dated:   April 28, 1997

                              Respectfully submitted,
                              Joseph Dockham
                              By screening counsel,


                              ρ|

                              Deirdre Thurber
                              BBO # 560251
                              19 Bloody Pond Road
                              Plymouth, MA   02360
                              (508) 224-2980

COMMONWEALTH OF MASSACHUSETTS
NORFOLK SUPERIOR COURT

NORFOLK, ss.                                    Nos.: 84001-84012

_____

COMMONWEALTH OF MASSACHUSETTS,

       v.

JOSEPH DOCKHAM,
     *Defendant/Appellant*

_____

AFFIDAVIT IN SUPPORT OF MOTION FOR FUNDS

    I, Deirdre Thurber, hereby depose and say:

    1.  I am the attorney assigned by the Committee for
Public Counsel Services to review the above-captioned case
and provide legal services if there is a legal issue of
merit to be presented in a motion pursuant to Mass. R. Crim.
P. 30.

    2.  I have investigated this case thoroughly and have
found that, in addition to the legal argument concerning the
inadmissibility of testimony by Drs. Paradise and Brant,
which has resulted in reversals in two Norfolk County sexual
abuse prosecutions, *Commonwealth v. Perkins*, 39 Mass. App.
Ct. 577 (1995) and *Commonwealth v. Federico,* 40 Mass. App.
Ct. 616 (1996), there is an issue as to the reliability of
the recollection of a three year old.  There is substantial
evidence that the child witness was improperly coached as to
his memories, which requires evaluation by an expert for
presentation to the Court.

    3.  The defendant is indigent and thus in need of funds
from the Court to pay for the services of an expert.

C-5d

4. No such evaluation was done pre-trial and the study of the reliability and questioning of such witnesses had expanded in the intervening years.

5. In light of the fact that this defendant's incarceration rests solely on the testimony of a five year old, without further corroboration, the interests of justice demand that he be entitled to thoroughly investigate the credibility and reliability of that five year old.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY this 28th day of April, 1997.

/s/
Deirdre Thurber
BBO # 560251
19 Bloody Pond Road
Plymouth, MA
(508) 224-2980

## DEIRDRE L. THURBER

*Attorney*

*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

July 24, 1997

Joseph Dockham
Southeastern Correctional Center
12 Administration Road D-105
Bridgewater, MA  02324

Re:  *Commonwealth v. Joseph Dockham*
     Nos.: 84001-84012

Dear Joe:

I received your letter of July 17, 1997.  It's just as
well that you have not tried to call, since I have been out
of the office most of July, trying to get some writing done
on some of my older cases.  I wish I had news for you, but I
haven't heard anything concerning the motion for expenses.
Consequently, enclosed please find a copy of a letter that I
sent today to the Clerk's Office, requesting information as
to the status of that motion.  As far as I know, the DA's
office has not opposed the motion, since they are required
to forward copies of all such motions and memoranda, and I
have not received anything from them.

If/when I receive a response to the enclosed, I will be
sure to let you know.  I want to express my appreciation for
your patience.  I know it must be difficult to always seem
to be waiting, so I am particularly thankful that you
understand that I have other commitments and that "these
things take time."

If you should have any questions, please do not
hesitate to contact me.  I hope to be in the office more
frequently in August.  I do not keep Saturday hours, but if
you tell me specifically what day and time you plan to call,
I will make every effort to be available, even if after 5 or
on a Saturday.

Sincerely,

Deirdre Thurber

Enclosure

C-6a

July 24, 1997

Nicholas Barbadoro, Clerk
Norfolk County Superior Court
Courthouse
650 High Street
Dedham, MA  02026

Re:  *Commonwealth v. Joseph Dockham*
     Nos.: 84001-84012

Dear Mr. Barbadoro:

On April 28, 1997, I submitted a motion for Indigent
Court Costs on behalf of the above-captioned defendant.  To
date, I have not been notified of any disposition of that
motion.  Kindly advise me as to the status or,
alternatively, if there is any action that I should take to
insure that the motion will be considered.

Thank you for your assistance.

                              Sincerely,



                              Deirdre Thurber

cc:  Joseph Dockham

C-6b

November 16, 1997

Nicholas Barbadoro, Clerk
Norfolk County Superior Court
Courthouse
5650 High Street
Dedham, MA  02026

Re:  *Commonwealth v. Joseph Dockham*
     Nos.: 84001-12

Dear Mr. Sullivan:

    Kindly forward to me a copy of the probation report used in sentencing in the above-captioned case relative to Mr. Dockham.

    Thank you for your co-operation.

                Sincerely,



                Deirdre Thurber

cc:  Joseph Dockham

C-7a

## DEIRDRE L. THURBER

Attorney

19 Bloody Pond Road

Plymouth, MA 02360

(508) 224-2980

December 1, 1997

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA  02324

Re:  *Commonwealth v. Joseph Dockham*
     No.: 84001-12

Dear Joe:

A couple of things have happened in the last week which
might provide some hope for you.

First, I received a call from a Probation Officer in
response to my letter asking for a copy of the probation
report used at sentence that Cunningham thinks may contain
the statements of the neighborhood children.  He tells me
that I have to make a motion to get that information and
that to make the search easier, you should specify, as best
you can, the names of the witnesses you are interested in.
If you can get me that kind of information, I will gladly
submit a motion.

Second, please see the enclosed article from the Sunday
Globe of November 30.  After I read this, I called the
attorney, Jim Sultan.  He was very helpful, and promised to
send me a copy of Dr. Bruck's affidavit in the event that we
can use it as a springboard for your case.  I told him some
of the details and he thought we might get somewhere using
this line of defense.  It may take some money for an expert,
though.  Is that a possibility for you?  As you know, I
can't get court funds post-conviction and appeal, so any
expenses will have to be borne by you.  Let's see what this
affidavit says and if we think we can use it before we worry
about money.  Obviously, I will forward a copy of that
affidavit as soon as I receive it.

Let me know about the names of the children (or
addresses - anything that will identify them for the court)
or if you have any other questions.

Sincerely,

Deirdre Thurber

Deirdre Thurber

Enclosure

C-7b

January 27, 1998

Edward Siudut, Chief Probation Officer
Norfolk County Probation Office
20 Eastbrook Road, Suite 101
Dedham, MA    02026

Re:  *Commonwealth v. Joseph Dockham*
     Nos.: 84001-12

Dear Mr. Siudut:

    I requested a copy of my client's probation report in
correspondence addressed to Mr. Barbadoro on November 16,
1997.  In response, a member of your staff called me and
asked if I could obtain the names of the particular persons
who gave statements of interest.  To the best of my client's
memory, those persons include the Burtons, the Smiths and
the family living next door at 40C.  I would appreciate
receiving copies of those statements.

    Thank you for your co-operation.  If you have any
additional questions, please do not hesitate to contact me.

                Sincerely,

                Deirdre Thurber

cc: Joseph Dockham

C-7c

## DEIRDRE L. THURBER

*Attorney*

*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

January 27, 1998

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA   02324

Re:  *Commonwealth v. Joseph Dockham*

Dear Joe:

I received your letter of January 24, 1998.  I'm glad
that you're okay, even if you have been having some
difficulty with the DOC and your SDP status.  I hope that
you have been able to make contact with Attorney Cunningham
and that everything has been resolved.  As I told you
earlier, he led me to believe in my telephone conversation
with him that he would gladly handle the situation for you.

I will send those names to the probation officer who
called me and he can see if the probation report included
statements from those individuals and he can forward copies
of those statements. If he does, I will forward copies to
you.

I think it might be in your best interests (especially
financially) if we wait to see how the LaFave case works
out.  If they win, we will have precedence for your case.
And it may save you the expense of your own expert.  What do
you think?  Let me know.  If you have any questions, give me
a call.

Sincerely,

Deirdre Thurber

Deirdre Thurber

C-7d

### DEIRDRE L. THURBER

*Attorney*

*10 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

February 13, 1998

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA 02324

Re: *Commonwealth v. Joseph Dockham*
No.: 84001-12

Dear Joe:

I received your letter of February 1, 1998. I hope by now that your SDP situation is cleared up and that you have had some response from Attorney Cunningham.

I received another call from the Probation Officer. He cannot release statements to me without a court order, therefore enclosed please find copy of a motion to release those statements that I served today with the Court. Unfortunately, my experience has been that the Courts don't act quickly on these motions (if at all), but since there is no objection by probationm hopefully, we won't have to wait for a response.

I'm glad that you agree that we should wait to see how the LaFave case does. If they are successful, it will be much easier for us and if they are not successful, either we can learn from their mistakes or take another approach.

I'll keep you informed of any news. Let me know if you have any questions.

Sincerely,

Deirdre Thurber

Deirdre Thurber

Enclosure

COMMONWEALTH OF MASSACHUSETTS
NORFOLK SUPERIOR COURT

NORFOLK, ss.                           No. 84001-12

_____

COMMONWEALTH OF MASSACHUSETTS

                v.

JOSEPH DOCKHAM
        *Defendant*

_____

## MOTION TO RELEASE PORTION OF THE PROBATION REPORT

Now comes the defendant, Joseph Dockham, in the above-entitled case and moves that this Honorable Court order that the Probation Office release to the defendant's counsel witness statements contained in the Probation Report relative to the defendant's case.

In support thereof, counsel for the defendant states that she has been assigned by the Committee for Public Counsel Services to investigate the merits of a motion for post-conviction relief for the defendant.  Investigation and research has found that there is a developing area of law and psychology concerning the methodology of interviewing child witnesses and the effect on the reliability of their testimony.  Counsel needs access to the statements of certain child witnesses believed to be contained within the Probation Report, but has been advised by the Probation Officer that these statements cannot be released without a court order to do so.

WHEREFORE, the defendant respectfully requests that this motion be granted and that the Probation Office be ordered to turn over to counsel the statements previously requested.

Dated:  February 13, 1998

C-7f

By the defendant,
Joseph Dockham
By his attorney,

/s/

Deirdre Thurber
BBO # 560251
19 Bloody Pond Road
Plymouth, MA  02360
(508) 224-2980

### DEIRDRE L. THURBER

#### Attorney

*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

June 10, 1998

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA  02324

Re:  *Commonwealth v. Joseph Dockham*
     Nos.: 84001-12

Dear Joe:

As per our telephone conversation of June 9, enclosed please find a copy of the letter that I forwarded to the Clerk concerning that motion that I filed months ago to get your probation reports.  I am also enclosing three releases (sign and return two, keep one for your files) so that I can request the report that you wanted to see.

As I said, I regularly monitor the Social Law Library page on the Internet, looking for the judge's decision in the Amirault hearing.  As soon as I hear anything, I will be sure to let you know.

I think it's a good idea to get the release notarized (I know that you don't like to leave your legal materials around) or witnessed, at least.  As soon as you return the two signed releases, I will request the "official version".

If you have any other questions, please do not hesitate to contact me.

Sincerely,

Deirdre Thurber

Enclosures

C-7h

June 10, 1998

Nicholas Barbadoro, Clerk
Norfolk Superior Court
Court House
650 High Street
Dedham, MA  02026

Re:  *Commonwealth v. Joseph Dockham*
     Nos.: 84001-12

Dear Mr. Barbadoro:

I filed a motion for the release of reports in the possession of the Probation Department on February 14, 1998 in the above-captioned case.  To date, I have received no response.  Kindly check on the status of that motion and let me know if there is something further that I should do to receive a ruling.

Thank you for your attention.


Sincerely,



Deirdre Thurber


cc:  Joseph Dockham

### DEIRDRE L. THURBER

*Attorney*

*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

June 14, 1998

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA 02324

Re:  *Commonwealth v. Joseph Dockham*
     Nos.: 84001-12

Dear Joe:

I received notification from the Clerk's Office that
they never received (according to them) my motion for the
release of the probation reports.  I am forwarding another
copy, but I won't send another copy to you, unless you let
me know that you want one.

More importantly, the news broke Friday that Judge
Borenstein granted the motion for a new trial AND ruled that
the children's veracity had been so infected by the improper
interviewing techniques that they COULD NOT TESTIFY in any
retrial.  Needless to say, the DA is appealing, but this
news is certainly promising to you.  I want to see the full
text of the judge's decision (it has not yet been posted on
the Internet legal page) before I contact Amirault's
attorneys, so, be hopeful, but don't get cocky.

I'll let you know as soon as I hear anything more.
Keep the faith.

Sincerely,

Deirdre Thurber

C-7j

## DEIRDRE L. THURBER

*Attorney*

*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2080*

July 3, 1998

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA  02324

Re:  *Commonwealth v. Joseph Dockham*

Dear Joe:

As I indicated in our telephone conversation earlier,
enclosed please find a copy of the opposition I just
received from the DA's office to our motion to obtain
portions of the Probation Department records.  I am giving
some thought to filing a reply.  Let me know what you think.

I look forward to receiving your notes on the LeFave
decision (as well as finding the time to sit and read it
myself).  Talk to you soon.

Sincerely,

Deirdre Thurber

Enclosure

C-8a

## COMMONWEALTH OF MASSACHUSETTS

Norfolk, SS.

Superior Court
No. 84001 - 12

)
Commonwealth of Massachusetts  )
)
v.                             )
)
Joseph Dockham                 )
_____)

### Commonwealth's Opposition to the Defendant's Motion to Release a Portion of the Probation Report

Now comes the Commonwealth and respectfully request this Honorable Court to deny

the defendant's motion to release a portion of the probation record. As reasons therefor, the

Commonwealth states as follows:

### Statement of the Case

The defendant and his girlfriend, Laura Tufts, were tried together for the sexual abuse of

a four year old boy and an eighteen month old girl.[1] The defendant is the father of the baby girl,

and the co-defendant is the mother of both children. On June 11, 1987, the defendant was

convicted of several indictments charging rape, assault with intent to rape, child pornography,

and indecent assault and battery of two minor children.    On August 27, 1987,   the trial judge,

Carey, J., sentenced the defendant to not less than 20 years and not more than 25 years at Cedar

Junction.  In October, 1988, the defendant filed a motion for a new trial which was denied,

without hearing by the trial judge. The Supreme Judicial Court affirmed the defendant's

---

[1]    The codefendant's appeal is reported in Commonwealth v. Tufts, 405 Mass. 610 (1989).

convictions and the denial of his motion for a new trial in <u>Commonwealth v. Dockham</u>, 405 Mass. 618 (1989)(attached).

## Statement of Facts

On June 16, 1986, a social worker from the Department of Social Services [DSS] removed two small children from the defendant's home, after the four year old boy made allegations of physical and sexual abuse by his mother, and the defendant, his mother's live in boyfriend.[2]  On June 27, 1986, DSS placed the small children in the care of a foster family, where they remained until the time of trial.

At trial, through videotaped testimony of the young boy, the jury heard evidence that the defendant tried to put his penis in the boy's rectum and that there was some penetration. According to the young boy, the defendant sodomized the child and touched the child's buttocks and penis with his hand. He also testified that "stuff came out." The child further testified that the defendant touched the young girl's vagina with his mouth and that the codefendant, the boy's mother, also touched his penis and the girl's vagina with her mouth and fingers. The testimony revealed that the defendant told the boy to touch his mother's and sister's vaginas with his mouth. The jury also heard evidence that the defendant bit the young boy on the buttocks, that the defendant hit the child with belts, and that the defendants took pictures when the sexual abuse occurred.

---

[2]    The Commonwealth relies in part on the statement of facts set forth in <u>Commonwealth v. Dockham</u>, 405 Mass. 618, 619-620 (1989).

## Argument

By motion, the defendant asks this court to order that the Commissioner of Probation turn over to defense counsel the "statements of certain child witnesses contained within the probation report" (Def. Mot. at 1). In support of his request, without citing authority, the defendant asserts that "investigation and research has found that there is a developing area of law and psychology concerning the methodology of interviewing child witnesses and the effect on the reliability of their testimony" (Def. Mot. at 1).

The Uniform Rules on Subpoenas to Court Officials, Rule 3 (2) provides in part:

A party shall be entitled to access to records of the Office of the Commissioner of Probation only as provided by statute or court order. A party seeking a court order permitting access to records of the Office of the Commissioner of Probation shall request such an order from the court in which the underlying matter is pending by written motion which *shall specify the purpose(s) for which access to such records is sought...* (emphasis added).

First, the defendant fails to make a showing as to why he needs access to the probation records, and fails to specify the purpose(s) for which access to such records is sought, as is his burden. While he "believes" that the probation report contains "statements of certain child witnesses," he offers no information to support this claim. He fails to state any particularized need or call the court's attention to any specific record or document which might contain pertinent information. Further, he has made no showing that the methodology that was used to interview the young victims in this case differed in any way from the present prevailing practice, as he neglects to detail either. Accordingly, it is the Commonwealth's position that the defendant has failed entirely to meet the requirements set forth in The Uniform Rules on Subpoenas to Court Officials, Rule 3 (2).

C-8d

Second, in Commonwealth v. Martin, 355 Mass. 296 (1969), the Supreme Judicial Court held that a defendant charged with unarmed robbery had no statutory or constitutional right to examine, prior to sentencing, part of his probation report containing information about the defendant gathered by the probation department from the defendant himself, his former employers, and others. M.G.L. c. 276 sec. 100, the statute upon which the defendant in Martin relied, provides in part that under the direction of the Commissioner of Probation "record shall be kept of all such cases as the Commissioner may require for the information of the justices and the probation officers....[and that] the information so obtained shall not be regarded as public records and shall not be open for public inspection." Id. at 298. The Court further pointed out that whether a defendant "has a right to see the entire report...is not specifically granted by [M.G.L. c. 276 sec. 100]," but that disclosure to the defendant of information contained in the probation report rests in the discretion of the court. Id. at 302.

While the instant case differs from Martin in that here, the defendant has already been sentenced, the public policy arguments against disclosure of the contents of the probation report are the same in both cases. "The main consideration against full disclosure is the prospect that the revelation of certain material given [to] the probation officer in confidence, would result in the destruction of the sources of such material..." Id. at 303. Quite simply, if all witnesses and informers knew that a defendant would have full access to information obtained by the probation department through investigation and interview, many potential witnesses would be deterred from cooperating fully with law enforcement.

As discussed earlier, the defendant fails to specify which statements he requests, or which interviews he is concerned with. Despite his lack of specificity, it is reasonable to assume

that he seeks information regarding the interviews between the victim and the social worker from

DSS. However, the portion of the defendant's probation record containing information about

these interviews could be viewed as "privileged communication," thereby necessitating analysis

under Commonwealth v. Bishop, 416 Mass. 169, 181-183 (1993). [3]

When interviewed by the social worker, the victim described the physical and sexual

abuse that he and his younger sister had sustained at the hands of the defendant. See

Commonwealth v. Dockham, 405 Mass. at 620 ("A social worker from [DSS] testified at trial

that she had removed the two children from the defendants' home...after the four year old boy

had made allegations of physical and sexual abuse by the defendant and the codefendant.").

Subsequent to the removal from the home, a formal investigation was conducted, during which

the child was interviewed further by DSS. The conversation between the child and the social

worker was later admitted at trial as fresh complaint testimony. Id. at 621. It is the

Commonwealth's position, therefore, that any information in the defendant's probation record

which might pertain to the DSS investigation, is governed by the statutory privilege for

---

[3]     The protocol enunciated in Commonwealth v. Bishop, and later fine-tuned in
Commonwealth v. Fuller, 423 Mass. 216 (1996) may be summarized as follows:
    Stage 1 - Privilege Determination (when the defendant seeks records of an alleged victim,
the keeper of the record may claim privilege against disclosure and a judge is then required to
hold a hearing to determine in writing whether any privilege applies);
    Stage 2 - Relevancy Determination (if the records are found to be privileged, defense
counsel is required to make written submission outlining a "good faith, specific and reasonable
basis for believing that the records will contain exculpatory evidence which is relevant and
material to the issue of the defendant's guilt");
    Stage 3 - Access to Relevant Document (the judge provides the Commonwealth and
defense counsel with the relevant documents to determine whether disclosure to the trier of fact
is necessary to ensure a fair trial);
    Stage 4 - Disclosure of Relevant Information (judge makes written ruling on the
defendant's motion that disclosuer to the trier of fact is necessary); and.
    Stage 5 - Trial (judge makes final determination as to the admissibility of the records.)

communications to social workers created in G.L. c. 112 sec. 135. See Allen v. Holyoke Hospital, 398 Mass. 372, 376 (1986). While G.L. c. 112, sec. 135 does not establish an absolute privilege against disclosure, "the statute does, in general, prohibit disclosure of information given to social workers in their professional capacity." Commonwealth v. Jones, 404 Mass. at 343. "A judge, therefore, ....should not lightly intrude upon the confidentiality of such records." Id.

In light of the above, it is the Commonwealth's position that the defendant has not met his burden of specifying the "purpose(s) for which access to his [probation records] is sought." See Uniform Rules on Subpoenas to Court Officials, Rule 3 (2). The public policy concerns of keeping such records private far outweigh the benefit of releasing them to the defendant, especially given that the he was convicted eleven years ago, and his convictions have been reviewed and affirmed by the Supreme Judicial Court. However, in the event that this court finds that the defendant has made an adequate showing, any probation records containing statements of the child victims during interviews are privileged, thereby requiring analysis under Commonwealth v. Bishop, 416 Mass. at 181-183.

C-8g

## Conclusion

The Commonwealth respectfully requests that this court deny the defendant's motion to

relea :e portions of the defendant's probation record.

Respectfully Submitted,
For the Commonwealth,

Jeffrey A. Locke
District Attorney

Patrice E. Dolan
Assistant District Attorney
360 Washington Street
Dedham, MA 02027-0309
781-329-5440 x342

July 2, 1998

**DEIRDRE L. THURBER**
*Attorney*
19 Bloody Pond Road
Plymouth, MA 02360
(508) 224-2980

July 10, 1998

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA 02324

Re: *Commonwealth v. Joseph Dockham*
Nos. 84001-12

Dear Joe:

Enclosed please find Defendant's Response to the Commonwealth's Opposition. The more I thought about it, I thought that the DA was stonewalling because they know what will happen now that LeFave has been decided. I really can't think of where else we can find the necessary information, except maybe through the DDS reports, and there is probably confidentiality issues involved in those reports.

I started Borenstein's decision. It is interesting and I think that you should seriously think about trying to raise some money for hiring Bruck to review your case. She certainly impressed Borenstein. Think about it and let me know.

Talk to you soon.

Sincerely,

[signature]

Deirdre Thurber

Enclosure

COMMONWEALTH OF MASSACHUSETTS
NORFOLK SUPERIOR COURT

NORFOLK, ss.                                    No.: 84001-12

_____

COMMONWEALTH OF MASSACHUSETTS,

v.

JOSEPH DOCKHAM,
*Defendant*

_____

DEFENDANT'S RESPONSE TO COMMONWEALTH'S OPPOSITION

Now comes the defendant in the above-captioned matter
in response to the Commonwealth's opposition to Defendant's
Motion for the release of a portion of his probation report.
The defendant requests that the Court grant his original
motion for the release for the release and responds as
follows:

The defendant's motion was originally submitted on
February 13, 1998, with certified service on the Norfolk
County District Attorney's Office (see, exhibit 1). When
there had been no response from the Clerk nor opposition
from the District Attorney's Office, counsel inquired as to
the delay and was informed that it had not been received
(see, exhibit 2). Counsel then resubmitted the motion,
reserving the District Attorney's Office (see exhibit 3).

Counsel has been gathering the necessary information in
anticipation of submitting a Motion for Post-Conviction
Relief. Part of the investigation involves research into
the area of the interviewing tactics used on the children
interviewed. As demonstrated in the recent decision of
Judge Borenstein in *Commonwealth v. LeFave*, this is a viable
area of appellate argument. The sole repository of some of
the necessary information is within the probation report.
This information is necessary for the preparation of the
Motion for a New Trial. Additionally, in this case Drs.
Paradise and Brandt testified for the Commonwealth and their
testimony has been held to be the basis for a new trial,
*Commonwealth v. Federico*, 40 Mass. App. Ct. 616 (1996). The

statements of DDS investigator, police investigators and foster mother are important to determine what, if any, symptoms consistent with sexual abuse were noted.

WHEREFORE, the defendant respectfully asks that his motion for the release of portions of the probation report be granted.

Dated:   July 10, 1998

                              Joseph Dockham
                              By his attorney,


                              Deirdre Thurber
                              BBO # 560251
                              19 Bloody Pond Road
                              Plymouth, MA   02360
                              (508) 224-2980

February 14, 1998

Nicholas Barbadoro, Clerk
Norfolk County Superior Court
Courthouse
5650 High Street
Dedham, MA  02026

Re:  *Commonwealth v. Joseph Dockham*
     Nos.: 84001-12

Dear Mr. Barbadoro:

     In response to a request I made of you several months
ago for copies of statements included in my client's
probation report, I received a telephone call from the
Norfolk Probation Office.  I was informed that they could
not release those statements without an order from the
Court.  Therefore, enclosed please find Defendant's Motion
for the Release of Portions of the Probation Report.  The
trial judge is no longer on the bench, therefore this motion
will have to be referred to another judge.  Kindly inform me
as to the judge that will be ruling on this motion and if
there is anything further that must be done to insure a
ruling.

     I hereby certify that a true copy of the foregoing
motion has been served by mailing first class, postage
prepaid to the Norfolk County District Attorney's Office,
360 Washington Street, P.O. Box 309, Dedham, MA  02027-0309
on the 14th day of February, 1998.

     Thank you for your co-operation.

                                        Sincerely,

                                   Deirdre Thurber

Enclosure

                                                           C-9d

NORFOLK, ss. — SUPERIOR COURT.

No. 84001

Comm _____ vs. Joseph Dockham _____

Enclosed is a copy of the docket sheet for the above-listed defendant

we have not received the motion for the release of reports in the

possession of the Probation Dept.

_Nicholas Barbadoro_ CLERK

June 11  98
Dedham, _____ 19

N.B. — In all communications PLEASE USE NUMBER as well as name of case.

F 79A

C–9e

June 14, 1998

Nicholas Barbadoro, Clerk
Norfolk County Superior Court
Court House
650 High Street
Dedham, MA 02026

Re:  *Commonwealth v. Joseph Dockham*
     Nos.: 84001-12

Dear Mr. Barbadoro:

Pursuant to your correspondence of June 11, 1998,
enclosed please find a copy of the Defendant's Motion for
the Release of the Probation Reports.

I hereby certify that I have served another copy of the
aforementioned motion has been served by mailing first
class, postage prepaid to the Norfolk County District
Attorney's Office, 360 Washington Street, P.O. Box 309,
Dedham, MA  02027-0309 on the 15th day of June, 1998.

Thank you for your co-operation.

Sincerely,

Deirdre Thurber

Enclosure

C-9f

## *DEIRDRE L. THURBER*

*Attorney*

*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

July 13, 1998

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA  02324

Re:  *Commonwealth v. Joseph Dockham*
     Nos. 84001-12

Dear Joe:

Pursuant to our telephone conversation earlier today,
enclosed please find a copy of my letter to Attorney
Cunningham in an attempt to locate some of the documents
concerning the interviewing of Eric. I will try to get in
touch with Ms. LeFave's attorney concerning the fees charged
by Drs. Bruck and/or Ceci. I will let you know what I hear.

As soon as I receive anything from Mr. Cunningham, I
will let you know. Do you want copies? If you have any
additional questions, please do not hesitate to contact me,
but I suggest that you either try to call in the early
evening or write.

Sincerely,

Deirdre Thurber

Enclosure

July 13, 1998

Stephen Cunningham, Esq.
800 Hingham Street
Rockland, MA  02370

Re:  *Commonwealth v. Joseph Dockham*
     Nos. 84001-12

Dear Mr. Cunningham:

     As you hopefully recall, I have been assigned by CPCS
to the above-captioned case to investigate the potential of
submitting a motion for post-conviction relief.  If you have
had the opportunity to read the recent LeFave decision, you
are aware that there might be a similar issue in Mr.
Dockham's case concerning the interviewing of Eric.  The
only materials that I have relative to the issue of these
interviews is a copy of the audio tape of Judith Baker's
interview with Eric.  I would appreciate it if you would
forward to me copies of any documents of interviews with
Eric, such as police reports, DSS reports and statements he
made to any members of the prosecution team, as well as any
recollections that you have on this issue.

     If you have any questions, please do not hesitate to
contact me.  Thank you for your co-operation.

                              Sincerely,

                              Deirdre Thurber

cc:  Joseph Dockham

C-10b

## DEIRDRE L. THURBER

*Attorney*

*10 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

August 4, 1998

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA  02324

Re:  *Commonwealth v. Joseph Dockham*
     Nos.: 84001-12

Dear Joe:

I just wanted to let you know that I called the Norfolk
Clerk's Office to see if any action had yet been taken on
the motion for the order for the probation reports.  I was
told that nothing more has been done since I filed the
defendant's response to the Commonwealth's opposition.  I di
also get a message from Jim Sultan, Cheryl Le Fave's
attorney.  He did forward your letter and thanked you for
it.  He also told me that Ceci, Bruck's associate NEVER
testifies and Bruck only does so when she is particularly
interested in a case, so we may have to look elsewhere.
I'll keep you posted with any other news.

Give me a call (or drop me a letter - this time of
year, I try to spend time with my daughter before school
starts) if you have any questions.

Sincerely,

Deirdre Thurber

P.S.  Sultan's address is: Rankin & Sultan
                           1 Commercial Wharf North
                           Boston, MA  02110

## DEIRDRE L. THURBER

*Attorney*

*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

August 24, 1998

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA  02324

Re:  *Commonwealth v. Joseph Dockham*
     Nos.:  84001-12

Dear Joe:

Some good news.  Enclosed please find a copy of the
endorsement on your motion for the witness statements in
which the court allowed the motion.  I will now forward a
copy to the probation department and wait for them to send
me the information.  As soon as I receive any materials, I
will make copies and forward them to you.

I also called Mr. Sultan about Bruck's fees.  He is on
vacation for another week and will call me when he returns.
When I have that information, I will let you know.

Give me a call if you have any questions.

Sincerely,

Deirdre Thurber

Deirdre Thurber

Enclosure

C-12a

*10/17/98 Court orders Comm. to respond
by 7/17/98, and all materials to be
submitted to the First session for the decision.
(Dortch-Okara, J.) att*

COMMONWEALTH OF MASSACHUSETTS
NORFOLK SUPERIOR COURT

NORFOLK, ss.                                    No. 84001-12

COMMONWEALTH OF MASSACHUSETTS

v.

JOSEPH DOCKHAM
*Defendant*

MOTION TO RELEASE PORTION OF THE PROBATION REPORT

Now comes the defendant, Joseph Dockham, in the
above-entitled case and moves that this Honorable Court
order that the Probation Office release to the defendant's
counsel witness statements contained in the Probation Report
relative to the defendant's case.

In support thereof, counsel for the defendant states
that she has been assigned by the Committee for Public
Counsel Services to investigate the merits of a motion for
post-conviction relief for the defendant.  Investigation and
research has found that there is a developing area of law
and psychology concerning the methodology of interviewing
child witnesses and the effect on the reliability of their
testimony.  Counsel needs access to the statements of
certain child witnesses believed to be contained within the
Probation Report, but has been advised by the Probation
Officer that these statements cannot be released without a
court order to do so.

WHEREFORE, the defendant respectfully requests that
this motion be granted and that the Probation Office be
ordered to turn over to counsel the statements previously
requested.

Dated:  February 13, 1998
        ' June 15, 1998

C-12b

September 25, 1998

Edward Siudut, Chief Probation Officer
Norfolk County Probation Office
20 Eastbrook Road, Suite 101
Dedham, MA 02026

Re: *Commonwealth v. Joseph Dockham*
    Nos.: 84001-12

Dear Mr. Siudut:

To date, I have had no response to my letter of August 24, 1998 to you concerning the forwarding of the probation records in the above-captioned matter. As you recall, I sent to you a copy of the motion directing the disclosure of those records to me by Judge Dortch-Okara.

Please forward those documents at your earliest convenience or notify me as to the reason and length of any further delay. If you have any questions, please do not hesitate to contact me. Thank you for your co-operation.

Sincerely,

Deirdre Thurber

cc: Joseph Dockham

C-13b

October 23, 1998

Edward Siudut, Chief Probation Officer
Norfolk County Probation Office
20 Eastbrook Road
Dedham, MA  02026

Re:  *Commonwealth v. Joseph Dockham*
     Nos.:  84001-12

Dear Mr. Siudut:

    To date, I have had no response to my inquiry of
October 8 concerning your compliance with the Court order to
turn over to me copies of the reports of all the interviews
of the all the children questioned in the above-captioned
matter.  Please advise me as to when I might expect to
receive any remaining documents.

    Thank you for your attention.

                              Sincerely,

                              Deirdre Thurber

cc:  Joseph Dockham

## *DEIRDRE L. THURBER*

*Attorney*

*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

October 26, 1998

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA  02324

Re:  *Commonwealth v. Joseph Dockham*
     Nos.:  84001-12

Dear Joe:

I received a telephone call from the Chief of Probation
today in response to my recent letter to him (a copy of
which I forwarded to you). He tells me that they sent me
everything that they had in their files relative to any
statements made by any children. He also explained that the
DA's office does not always provide them with all the
information that they have. Consequently, enclosed please
find a copy of another motion that I am filing to get the DA
to turn over any statements (particularly those to law
enforcement and/or social services) that they may have.  I
don't expect them to co-operate voluntarily, so I am afraid
that this will be necessary. In light of the previous
decision, I do not anticipate that there will be any problem
with this motion, however, the judge that granted the first
motion has been "promoted" and is now the administrative
judge of the trial courts. So, one can never predict what a
new judge will do - all we can do is try.

If you have any questions, please do not hesitate to
contact me. I'll keep you informed of any progress.

Sincerely,

Deirdre Thurber

Enclosure

C-14a

COMMONWEALTH OF MASSACHUSETTS
NORFOLK SUPERIOR COURT

NORFOLK, ss.                              Nos.: 84001-12

_____

COMMONWEALTH OF MASSACHUSETTS,


                              v.


JOSEPH DOCKHAM,
     *Defendant*
_____

MOTION FOR THE RELEASE OF WITNESS STATEMENTS

Now comes the defendant, Joseph Dockham, in the
above-captioned matter and moves that this Honorable Court
order that the District Attorney's Office release to the
defendant's counsel copies of any and all statements made by
the complainant and any other child interviewed during their
preparation of this case.

In support thereof, counsel for the defendant submits
the attached affidavit.

WHEREFORE, the defendant respectfully requests that
this motion be granted and that the District Attorney be
ordered to turn over to counsel the statements requested.

Dated:   October 26, 1998

                         By the defendant,
                         Joseph Dockham
                         By his attorney,



                         Deirdre Thurber
                         BBO # 560251
                         19 Bloody Pond Road
                         Plymouth, MA   02360
                         (508) 224-2980

                                                    C-14b

COMMONWEALTH OF MASSACHUSETTS
NORFOLK SUPERIOR COURT

NORFOLK, ss.                                    Nos.: 84001-12

_____

COMMONWEALTH OF MASSACHUSETTS,


                        v.


JOSEPH DOCKHAM,
        *Defendant*

_____

### AFFIDAVIT OF COUNSEL

I, Deirdre Thurber, do depose and state:

1.   I was assigned to investigate the merits of a
Motion for a New Trial in the above-captioned matter by the
Committee for Public Counsel Services.

2.   This case involves the sexual abuse of a three year
old by the defendant absent any additional witnesses or
forensic evidence.

3.   Since Mr. Dockham's conviction, there has been
considerable investigation by mental health experts as to
the reliability of the testimony of such witnesses and Judge
Borenstein has issued an opinion in *Commonwealth v. LeFave*
that has great relevance in this matter concerning the
methods used to interview the child witnesses.

4.   For counsel to be able to competently investigate
this issue, she must be able to review all the interviews of
the child witness done by all sources, including, but not
limited to law enforcement, social services, foster parents,
medical personnel, and any employees of the District
Attorney.

5.   Counsel made a similar motion for copies of such
statements in the possession of the Probation Department,
which was granted by Judge Dortch-Okara on August 4, 1998.

6. The Probation Department forwarded copies of the transcript of a tape recording of the child witness taken by one of the foster mothers and two reports of the Norfolk County Sexual Assault Unit.

7. The Probation Department has indicated that the above comprise all such statements in their possession and that it is common that they are not provided with copies of all statements within the possession of the District Attorney, such as the reports of all the law enforcement agencies involved, social services or the employees of the District Attorney.

8. Since the only source of this information is the District Attorney, counsel is requesting that all such statements be forwarded, consistent with the requirements of discovery.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY on this 26th day of October, 1998.

<div style="text-align:right">

_____
Deirdre Thurber

</div>

## DEIRDRE L. THURBER

*Attorney*

*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

November 12, 1998

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA   02324

Re:  *Commonwealth v. Joseph Dockham*
     Nos.:  84001-12

Dear Joe:

I received a message the other day from the Clerk
concerning the motion that I submitted for all the witness
statements held by the DA.  Apparently, that motion has been
to Judge Volterra (Judge Dortch-Okara has been promoted) and
he wants to hold a hearing on the motion.  So, I called the
DA's office and left an appropriate message, to which there
was no reply.  Consequently, I called again today and got to
talk to a live person, who will contact the DA responsible
for your case and will have her call me.  When we come to an
agreement as to a date, I will call the Clerk to set up the
hearing.

I doubt that they will habe you in because it is just
legal argument on the motion, but I will ask if you are
interested in being there. Let me know and I will find out
from the Clerk if it is a possibility.

Nothing else is new.  I'll keep you informed.

Sincerely,

Deirdre Thurber

C-14e

## *DEIRDRE L. THURBER*

*Attorney*

*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

November 17, 1998

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA  02324

Re:  *Commonwealth v. Joseph Dockham*
     Nos.: 84001-12

Dear Joe:

Enclosed please find a copy of a letter that I sent to the Norfolk County DA handling the motion for the reports of interviews.  She asked for a date after Thanksgiving, which leads me to believe that she is preparing a written opposition.  As you can see from the letter, I asked that she get any such opposition to me before the argument (it wouldn't be the first time that some ADA tried to hand me opposition papers as we entered the courtroom).  I will, of course, forward you copies of any such opposition.

I have to contact the Clerk with the agreed upon date. The only problem that might arise is if Judge Volterra has been assigned to a different county by December.  The additional problem for me is that my daughter is performing in the Nutcracker in Boston starting December 5, so time is extremely limited. If there is any problem or rescheduling, I will let you know.

In the interim, if you have any questions, please do not hesitate to contact me.  Keep your fingers crossed.

Sincerely,

Deirdre Thurber

Enclosure

C-14f

November 17, 1998

Patrice Dolan, Esq.
Norfolk County District Attorney's Office
P.O. Box 309
360 Washington Street
Dedham, MA   02027-0309

Re: *Commonwealth v. Joseph Dockham*
    Nos. 84001-12

Dear Ms. Dolan:

In furtherance of our telephone conversation of November 16, 1998, the date of December 2 is agreeable. Since you asked for some time after Thanksgiving, I am assuming that you intend to submit a written opposition.  If this is the case, please do me the courtesy of providing a copy to me sufficiently in advance of December 2 to allow me to respond.

If the Clerk indicates that there is some difficulty with the date to which we have agreed, I will let you know. If you have any questions, please do not hesitate to contact me.

Thank you for your co-operation.


Sincerely,



Deirdre Thurber

cc:  Joseph Dockham

C-14g

## *DEIRDRE L. THURBER*

*Attorney*

*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

November 25, 1998

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA  02324

Re:  *Commonwealth v. Joseph Dockham*
     Nos.:  84001-12

Dear Joe:

I received your letter of November 21, 1998.  I am
enclosing a letter that I forwarded to the clerk. I called
him and left the information and asked that he confirm
receipt, but he has not yet done so.  As you see, I have
requested your presence and I will let you know what I
receive as a response.

I do not think it is a good idea for you to make a
statement to the judge.  This "hearing" is only for the
limited purpose of deciding whether the Commonwealth should
be ordered to turn over to us the interviews of Eric. The
Commonwealth is arguing that this is similar to the rape
cases where victims have gone for psychological testing and
the defense wants those records.  Frankly, I do not see the
analogy and hope that Judge Volterra follows the lead of
Judge Dortch-Okara and orders that they turn this
information over to us.  As you indicated in your letter,
this is certainly not the time to alienate the judge. This
is why I do not think that this is the appropriate time to
make any statements.

As always, I will let you know what is going on and
what response I receive concerning the argument on the
motion. If you have any questions, please do not hesitate to
contact me.  Have a happy Thanksgiving.

Sincerely,

Deirdre Thurber

Enclosure

C-14h

November 25, 1998

James McDermott, Assistant Clerk
Norfolk County Superior Court
650 High Street
Dedham, MA   02026

Re:   *Commonwealth v. Joseph Dockham*
      Nos.: 84001-12

Dear Mr. McDermott:

I left a telephone message for you concerning the
above-captioned case and the agreement between the assistant
district attorney and myself as to a good date to appear
before Judge Volterra for oral argument on the pending
motion.   In the event that you did not receive that message,
we have agreed on December 2, if that is agreeable with the
Court.   As I indicated, I have a commitment in Plymouth that
will delay my departure from here until 9 AM, therefore, I
would appreciate it if the case could be held until
approximately 10:15.   I would also like to request that my
client be habed from Southeastern Correctional Center to
attend the hearing.

Please advise me as to whether these arrangements are
suitable and if my client will be present in court.   Thank
you for your co-operation.

Sincerely,

Deirdre Thurber

cc: Joseph Dockham

## *DEIRDRE L. THURBER*

*Attorney*

*19 Bloody Pond Road*
*Plymouth, MA 02380*
*(508) 224-2980*

December 2, 1998

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA 02324

Re: *Commonwealth v. Joseph Dockham*
    Nos.: 94001-12

Dear Joe:

Let me report as to what has happened over the last
couple of days. I never received any verification from the
Clerk as to today for the hearing, nor did I receive any
opposition from the DA. So, yesterday, I talked to the
Clerk who alleges that he did not receive the message that I
left on his voice mail nor had he received my letter. He
also had not heard anything from the prosecution. I then
tried (in vain) to contact the DA all day. When I got back
to the office that night, there was a message on my
answering machine that the DA was prepared to go ahead
today.

I got to Court around 9:45 and spoke with the DA (now
it is Jean Marie Carroll, not Patrice Dolan) who handed me
an opposition that she had not even read (drafted by another
- copy enclosed). I explained what I was interested in
obtaining (the statements of Eric and any reports prepared
by anyone who interviewed him that might reflect the
interview process). The judge finally took the bench at 11
and listened to argument. I gave him a copy of Borenstein's
decision in Amirault and a copy of the SJC decision in your
appeal. The DA basically argued that we should wait until
the SJC decides the Amirault appeal (being brought by the
Middlesex DA), because if the SJC decides that Bruck's
information does not constitute newly discovered evidence
.then she need not "waste" her time by trying to locate the
information requested. I indicated to the judge that we were
still entitled to the information regardless of whether we
can ultimately use it in a Rule 30 motion. He is going to
review the materials that I gave him and take the matter
under advisement.

C-14j

Joseph Dockham
December 2, 1998
Page 2

Then, upon my return and reading of this week's
Lawyer's Weekly, there was this Superior Court decision in
which the judge struck part of the DA's evidence based upon
the use of anatomically correct dolls since such interview
techniques produce unreliable results. (Copy enclosed.)
That decision indicates that the defense bar is starting to
use the information in Bruck's affidavit to eliminate
unreliable evidence from reaching the jury and the judiciary
is adopting the argument. It is not exactly on point (since
it does not address the issue of whether this kind of
information constitutes newly discovered evidence), so I
will not send a copy to the judge, but I am sure that, as a
thorough judge, he reads the Lawyer's Weekly and will see it
himself.

As you know, I cannot predict what the judge will do,
but he seemed to be sympathetic to your cause when he
responded to the DA's request that he delay his decision
until after the SJC acts on Amirault by asking her if one
day in jail for something a defendant did not do wasn't one
day too many. I am guardedly optimistic and will let you
know as soon as I hear anything. (Tried to get you habed
in, but the Clerk claimed he did not have sufficient time to
do so. I thought that it was more important that we get the
motion moving than we wait for your appearance. Besides,
there was nothing for you to add - except the pleasure of
your company, of course.)

As always, if you have any questions, please do not
hesitate to contact me.

Sincerely,

Deirdre Thurber

Enclosures

COMMONWEALTH OF MASSACHUSETTS

Norfolk, SS.

Superior Court
Criminal Division
No. 84001-12

```
                                    )
Commonwealth of Massachusetts )
                                    )
              v.                    )
                                    )
        Joseph Dockham              )
                                    )
```

## Commonwealth's Opposition to the Defendant's Motion to Release Witness Statements in the Possession of the District Attorney's Office

Now comes the Commonwealth and respectfully request this Honorable Court to deny the defendant's motion to release statements made by witnesses in the above captioned case. As reasons therefor, the Commonwealth states as follows:

## Statement of the Case

In late May and early June of 1987, the defendant and his girlfriend, Laura Tufts, were tried together for the sexual abuse of a four year old boy and an eighteen month old girl.[1]   The defendant is the father of the baby girl, and the codefendant is the mother of both children.

[1]   The codefendant's appeal is reported in Commonwealth v. Tufts, 405 Mass. 610 (1989).

C-15a

The young male victim was five and one half years old at the time of trial. Prior to his testifying, the trial judge, Carey, J., conducted a voir dire of the young witness on the issue of competency to testify. The judge asked the child a series of questions and based on the child's responses, found the boy to be a competent witness. Eric was placed on the stand in an open courtroom and in front of both defendants. He was sworn as a witness and asked preliminary questions which he answered with no problem. The Assistant District Attorney then began to ask the child questions about the incidents alleged in the indictment. He answered that he used to live with the defendants, that some things happened in the defendants' bedroom that he did not like, and that he and his younger sister had been touched. However, he was unable to answer any further questions. He became visibly upset and overwhelmed - kicking and moving around in his seat, stuffing his shirt into his mouth, and turning around in his seat and facing the wall.

The court took several recesses to allow the child regain his composure. During one of those recesses, the child and all other interested parties entered the judge's lobby. The prosecutor asked the child questions regarding the alleged incidents, all of which he answered directly. However, when the

2                                                          C-15b

child returned to the courtroom, he exhibited the same behaviors that he had before, and was unable to answer the same questions that had been posed to him moments prior in the judge's chambers. In light of this, on June 1, 1987, the Commonwealth filed a motion to videotape the child's testimony pursuant to M.G.L. c. 278 sec. 16D.[2] The Commonwealth's motion was allowed.

On June 11, 1987, the defendant was convicted of several indictments charging rape, assault with intent to rape, child pornography, and indecent assault and battery of two minor children. On August 27, 1987, the trial judge sentenced the defendant to not less than 20 years and not more than 25 years at Cedar Junction. In October, 1988, the defendant filed a motion for a new trial which was denied, without hearing by the trial judge. The Supreme Judicial Court affirmed the defendant's convictions and the denial of his motion for a new trial in Commonwealth v. Dockham, 405 Mass. 618 (1989).

---

[2]    M.G.L. c. 278 sec. 16D provides that the court may order that the testimony of a child witness in a sexual assault case be taken by suitable alternative procedures if the court finds by a preponderance of the evidence that testifying in the traditional manner will cause emotional or psychological trauma to the child witness.

3                                                              C-15c

## Statement of Facts

On June 16, 1986, a social worker from the Department of Social Services [DSS] removed two small children from the defendant's home, after the four year old boy made allegations of physical and sexual abuse by his mother, and the defendant, his mother's live in boyfriend.[3] On June 27, 1986, DSS placed the small children in the care of a foster family, where they remained until the time of trial.

Through the videotaped testimony of the young boy, the jury heard evidence that the defendant tried to put his penis in the boy's rectum and that there was some penetration. According to the young boy, the defendant sodomized the child and touched the child's buttocks and penis with his hand. He also testified that "stuff came out." The child further testified that the defendant touched the young girl's vagina with his mouth and that the codefendant, the boy's mother, also touched his penis and the girl's vagina with her mouth and fingers. The testimony revealed that the defendant told the boy to touch his mother's and sister's vaginas with his mouth. The jury also heard evidence that the defendant bit the young boy on the buttocks, that the

---

[3]   The Commonwealth relies in part on the statement of facts set forth in Commonwealth v. Dockham, 405 Mass. 618, 619-620 (1989).

4                                                                C-15d

defendant hit the child with belts, and that the defendants took pictures when the sexual abuse occurred.

## Argument

Now, by motion, the defendant asks this court to order the release of witness statements made by the complainant and any other child interviewed during the preparation of the prosecution's case. In support of his motion, the defendant relies on Judge Isaac Borenstein's decision in Commonwealth v. LeFave, Crim Act. No. 85-63, 85-64, 85-66, 85-67, 85-2678, 85-2679, and 85-2680. The defendant claims that Judge Borenstein's decision has great relevance in the instant matter concerning the methods used to interview the child witnesses. As defense counsel represents in the supporting affidavit, the defendant seeks the material in the possession of the office of the District Attorney so as to investigate the merits of a second motion for a new trial.

First, whether the suggestive interviewing techniques of young sexual assault victims constitutes "newly discovered evidence" necessitating a new trial is a matter currently before the Supreme Judicial Court, No. SJC-07529. In light of this, it is the Commonwealth's position that the instant motion is

C-15e

5

premature. While the defendant claims that the manner in which the young victims were questioned might support a new trial motion, the Commonwealth respectfully requests that this Court reserve ruling on this motion until the aforementioned issue has been resolved by the Supreme Judicial Court.

Second, the defendant seeks access to any interviews of child witnesses done by the Department of Social Services. When interviewed by the social worker, the victim described the physical and sexual abuse that he and his younger sister had sustained at the hands of the defendant. See Commonwealth v. Dockham, 405 Mass. at 620 ("A social worker from [DSS] testified at trial that she had removed the two children from the defendants' home... after the four year old boy had made allegations of physical and sexual abuse by the defendant and the codefendant."). Subsequent to the removal from the home, a formal investigation was conducted, during which the child was interviewed by DSS. The conversation between the child and the social worker was later admitted at trial as fresh complaint testimony. Id. at 621. It is the Commonwealth's position, therefore, that any information which might pertain to the DSS investigation is governed by the statutory privilege for communications to social workers created in G.L. c. 112 sec. 135.

6                                                     C-15f

See Allen v. Holyoke Hospital, 398 Mass. 372, 376 (1986).   While
G.L. c. 112, sec. 135 does not establish an absolute privilege
against disclosure, "the statute does, in general, prohibit
disclosure of information given to social workers in their
professional capacity." Commonwealth v. Jones, 404 Mass. at 343.
"A judge, therefore, ....should not lightly intrude upon the
confidentiality of such records." Id.

Lastly, any notes or summaries of interviews with the young
victims kept by the members of the District Attorney's Office or
persons acting on behalf of the District Attorney's Office
constitute work product and are, therefore, privileged.
Accordingly, the defendant should not be allowed access to any
such materials.

### Conclusion

For the foregoing reasons, the Commonwealth respectfully
requests that the defendant's motion be denied.

Respectfully Submitted,
For the Commonwealth,

_____

Jeanmarie Carroll
Assistant District Attorney

7                                            C-15g

### DEIRDRE L. THURBER

*Attorney*

*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

December 4, 1998

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA  02324

Re:  *Commonwealth v. Joseph Dockham*
    Nos.:  84001-12

Dear Joe:

    Enclosed please find a copy of Judge Volterra's
decision on our motion for the statements.  As you can see,
we are half way there.  He has ordered that the DA compile
the requested statements and turn them over to him for
review.  If they do not contain privileged matter, then I
would expect him to turn them over to us.  At least there
will not be the delay in waiting for the SJC to rule on the
*Amirault* appeal.

    As always, I will let you know of any developments just
as soon as I know.  Good news, huh?  Nice for a change.  If
you have any questions, please do not hesitate to contact
me.

               Sincerely,

               Deirdre Thurber

               Deirdre Thurber

Enclosure

### COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CRIMINAL ACTION
NO.  84001-12

### COMMONWEALTH OF MASSACHUSETTS

<u>VS.</u>

### JOSEPH DOCKHAM,

### ORDER ON DEFENDANT'S MOTION TO PRODUCE STATEMENTS

On December 2, 1998, this matter was before the court on the defendant's motion for the release of witness statements.  The defendant seeks release of any and all statements made by the complainant and any other child interviewed during the preparation of this case.  It is hereby **ORDERED** that the Commonwealth shall deliver to this court all such records along with a written statement specifying which records are claimed to be subject to privilege, setting forth the grounds for the claimed privilege.

The records should be contained in a <u>sealed</u> envelope within another envelope and delivered to Norfolk Superior Court, Criminal Clerk's Office, 650 High Street, Dedham, Massachusetts.  Please attach to the outside of the sealed envelope a cover letter which clearly states any privileges you believe protects the enclosed records from disclosure.  Please mark on the outside of the sealed

1

C-16b

envelope the word "IMPOUNDED" in large letters to ensure that the envelope will not be opened inadvertently. The materials will be impounded by the Clerk, upon receipt, subject to further order of the Court. This court retains jurisdiction over this discovery issue.

Vieri Volterra
Justice of the Superior Court

DATED: December 2, 1998

2

January 5, 1999

Jean Marie Carroll, Assistant District Attorney
Norfolk County District Attorney's Office
P.O. Box 309
360 Washington Street
Dedham, MA  02027-0309

Re:  *Commonwealth v. Joseph Dockham*
     Nos.: 84001-12

Dear Ms. Carroll:

    I am writing for an update on your progress complying
with the decision of Judge Volterra in the above-captioned
matter as to the providing to him of copies of the
interviews of the witness.  I am trying to keep updated in
part because of the transfer of Judge Volterra to Bristol
County and the change of administration within your office.
I would like to avoid any additional delay in investigating
this issue.

    If you have any questions, please do not hesitate to
contact me.  Thank you for your co-operation.

                      Sincerely,

                      Deirdre Thurber

cc:  Joseph Dockham

### DEIRDRE L. THURBER

*Attorney*

*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

January 11, 1999

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA  02324

Re:  *Commonwealth v. Joseph Dockham*
     Nos.: 84001-12

Dear Joe:

I just wanted to update you as to what is happening
with your case.  I heard today from Assistant District
Attorney Carroll in response to my letter.  She is staying
with the Norfolk County DA, so at least we will always be
dealing with her.  She is still trying to locate the file,
but has had no success to date.  She also indicated that she
does not expect to find anything but the interviews with law
enforcement.  She is sending me a copy of the videotape of
the testimony at trial of Eric.

As soon as I receive any further information, I will be
sure to let you know.  As always, if you have any questions,
please do not hesitate to contact me.

Sincerely,

Deirdre Thurber

C-18a

## *DEIRDRE L. THURBER*

*Attorney*

*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

January 21, 1999

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA   02324

Re:  *Commonwealth v. Joseph Dockham*
     Nos.: 84001-12

Dear Joe:

I just wanted to let you know that I received your letter of January 16. I, too, am not surprized at the difficulty that the prosecution is having in retrieving the file - she said as much to me when I met her at the oral argument. I certainly will keep in mind making a motion for the DSS reports. I envision quite a battle if we do that with an army of different attorneys. I was hoping to avoid that by seeing if the prosecution had those records and turned them over to the judge. He would then decide if we could have them without involving DSS lawyers. Let's wait to see what we get this way, and then plan strategy from there.

As soon as I know anything, I will be sure to let you know. In the interim, if you have any questions, please do not hesitate to contact me.

Sincerely,

Deirdre Thurber

Deirdre Thurber

C-18b

February 5, 1999
Jean Marie Carroll, Assistant District Attorney
Norfolk County District Attorney's Office
360 Washington Street
P.O. Box 309
Dedham, MA  02027-0309

Re: *Commonwealth v. Joseph Dockham*
    Nos.:  84001-12

Dear Ms. Carroll:

We spoke on the telephone on January 11, 1999 concerning the above-captioned matter and the decision of Judge Volterra for all the requested materials to be forwarded to him for an in camera inspection.  At that time, you indicated that there was a videotape of the complainant's testimony that you would send to me.  To date, I have not received that videotape.  Please advise me as to an anticipated date of receipt and the status of your attempts to locate the materials requested.

Thank you for your continuing co-operation in this matter.

Sincerely,

Deirdre Thurber

cc:  Joseph Dockham

C-18c

### *DEIRDRE L. THURBER*

*Attorney*

*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

March 10, 1999

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA   02324

Re:  *Commonwealth v. Joseph Dockham*

Dear Joe:

    You won't believe the timing. I just composed letters
last night for printing and mailing this morning to the DA,
you and Judge Volterra concerning the documents that are
supposed to be turned over to Judge Volterra.  But, on my
answering machine is a message from a Lieutenant Detective
Brooks from the State Police that he has a package of
materials for me from the Norfolk County DA – please page
him. I did page him earlier, but he had yet to return the
page, so I will hold off on sending the other letters until
I hear from him.  I know of no other case that I am handling
from Norfolk that involves papers from the DA, so he must be
referring to your case.

    As soon as I receive anything, I will make copies and
forward them to you.  If you have any questions, please do
not hesitate to contact me.  It would be better to drop me a
note, because I am not taking calls while I try to get two
Rule 30 motions and an appellate brief done.

                              Sincerely,

                              *Deirdre Thurber*

                              Deirdre Thurber

**DEIRDRE L. THURBER**

*Attorney*

*10 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

March 11, 1999

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA  02324

Re:  *Commonwealth v. Joseph Dockham*

Dear Joe:

What an operation!  That Lieutenant Det. never called me back, but I got a message from one of the administrative assistants from the Norfolk County District Attorney's Office.  Apparently, that Liet. Det. tried twice to deliver a packet of information to my office, but no one was there, so he left the materials in my garage, without any kind of note and tucked away in a spot that I would never notice them.  Thank goodness that she called to let me know that they had been left, and I finally found them.

To make matters more frustrating, it appears from the cover letter of Jeanmarie Carroll that all these materials had been given to Cunningham.  Why he didn't provide them to us when we first made inquiry of him is beyond me – it certainly would have saved a lot of time.  Anyway, enclosed please find copies of all the materials that they sent, with the exception of the videotapes of Eric's trial testimony.  Do you have any idea if these constitute all the statements?  If there is something more, I'll have to make a request of the district attorney, so I would like to be as specific as possible.  Let me know.

If you have any comments or questions, please drop me a line.  Maybe we are finally on our way (?).

Sincerely,

Deirdre Thurber

Enclosures

C-18e

## *DEIRDRE L. THURBER*

*Attorney*
*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

January 11, 2000

Joseph Dockham
Southeastern Correctional Center
12 Administration Road
Bridgewater, MA  02324

Re:   recent correspondence

Dear Joe:

I am in receipt of your letter of December 31.
Enclosed please find a copy of the letter to the DA for the
Grand jury minutes.  There is no listing in the Boston
directory for the Judge Baker Clinic.  Is there another name
for it or do you know the address?  I am also enclosing
copies of the statements that I received from the DA
pursuant to our motion.  If these are not the statements
that you wanted, please let me know. The call that I got was
from the Harvard Clinic (which has yet to be returned).
From the message that was left, I assume that it was in
response to some correspondence that you had sent to them.

I am familiar with the Peters case, but, if my memory
is correct, I don't think that it has much relevance to your
situation.  Granted, it involves the sexual abuse of a child
by the boyfriend of the mother (I think that is the
relationship), but the courts examined the fresh complaint
instruction and found that it was not only erroneous, but
also created a substantial risk of a miscarriage of justice.
I will look at it again, but I don't think it is of any
help.

There is new legislation that allows the DOC to keep
people beyond their commitment, but they have to hold a
hearing where the defendant is represented by counsel and
they have to prove that the defendant creates a danger to
the community sexually.

I will be trying to contact both the Burtons and the
Harvard Clinic people once my office schedule settles back
into a routine. As always, I will keep you informed of all
developments.

Sincerely,

Deirdre Thurber

Enclosures

C-19a

January 11, 2000

Jean Marie Carroll, Assistant District Attorney
Norfolk County District Attorney's Office
P.O. Box 309
360 Washington Street
Dedham, MA   02027-0309

Re:  Commonwealth v. Joseph Dockham
     Nos.:  84001-12

Dear Ms. Carroll:

     As you recall, we had prior dealings in the
above-captioned matter dealing with the statements of
witnesses. A review of my file indicates that I do not have
a copy of the Grand Jury testimony. I would greatly
appreciate it if you could forward to me a copy.

     If you have any questions, please do not hesitate to
contact me.  Thank you for your co-operation.

                              Sincerely,

                              Deirdre Thurber

cc:   Joseph Dockham

C-19b

March 2, 2000

Jean Marie Carroll, Assistant District Attorney
Norfolk County District Attorney's Office
P.O. Box 309
360 Washington Street
Dedham, MA  02027-0309

Re:  Commonwealth v. Joseph Dockham
     Nos.:  84001-12

Dear Ms. Carroll:

     I wrote to you concerning the Grand Jury transcripts in
the above-captioned case on January 11.  To date, I have not
received a response to that inquiry.

     If there are any questions, or if I can be of any
assistance, please do not hesitate to contact me.  Thank you
for your co-operation.

                         Sincerely,



                         Deirdre Thurber

cc:  Joseph Dockham

C-19c

April 26, 2000

Jean Marie Carroll, Assistant District Attorney
Norfolk County District Attorney's Office
P.O. Box 309
360 Washington Street
Dedham, MA  02027-0309

Re:  Commonwealth v. Joseph Dockham
     Nos.:  84001-12

Dear Ms. Carroll:

    I have written to you on several previous occasions in
an attempt to obtain the Grand Jury transcripts in the
above-captioned case.  To date, I have not received a
response to that inquiry.  If there is some difficulty in
locating these, please so advise me, so that I can apprise
my client.

    If there are any questions, or if I can be of any
assistance, please do not hesitate to contact me.  Thank you
for your co-operation.

                                Sincerely,


                                Deirdre Thurber

cc:  Joseph Dockham

**DEIRDRE L. THURBER**

*Attorney*
*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

May 11, 2000

Joseph Dockham
Bay State Correctional Center
P.O. Box 73
Norfolk, MA  02056

Re:  Grand Jury transcript

Dear Joe:

Enclosed please find a copy of the response that I finally received from the Norfolk County DA concerning our repeated requests for the Grand Jury minutes. Needless to say, if they ever do forward them to me, I will send a copy on to you.

Please keep me updated as to the other matters, in particular Eric.  If you have any other questions, please do not hesitate to contact me.

Sincerely,

Deirdre Thurber

Enclosure

C-19e



The Commonwealth of Massachusetts

OFFICE OF THE DISTRICT ATTORNEY
FOR THE NORFOLK DISTRICT

**WILLIAM R. KEATING**
DISTRICT ATTORNEY

45 SHAWMUT ROAD
CANTON, MA 02021
(781) 830-4800
FAX (781) 830-4801

May 11, 2000

Deirdre L. Thurber, Esq.
19 Bloody Pond Road
Plymouth, MA 02360

Re:    Commonwealth v. Joseph Dockham
       Nos. 84001-12

Dear Ms. Thurber:

    This office is currently unable to locate the requested information. I will notify
you if and when we locate the transcripts you are seeking.

Sincerely,

Jeanmarie Carroll
Assistant District Attorney
Chief, Sexual Assault and
Domestic Violence Unit

JC/cam

let-jm/8

C-19f

## DEIRDRE L. THURBER

*Attorney*
*19 Bloody Pond Road*
*Plymouth, MA 02360*
*(508) 224-2980*

March 14, 2001

Joseph Dockham
Bay State Correctional Center Mod. 1-127A
P.O. Box 73
Norfolk, MA 02056

Re:  Commonwealth v. Joseph Dockham

Dear Joe:

First, my apologies for being out of touch for so long.
There are many reasons for the lack of communication, most
of which have to do with health reasons.  I hope all of
those are finally resolved and I can complete the Rule 30,
which I started late last fall.

I will make every attempt to get a rough draft to you
by the end of the month, with the intent of filing the
completed Rule 30 by the end of April.  That hopefully will
give you enough time to make any recommendations to me
before the final draft is completed.  However, since I will
be out of state from April 14 until April 20, if you have
many suggestions, it may delay filing until mid-May.  That
is not at all to discourage you from making the comments on
the Rule 30, but just to give you a realistic time frame.

I hope that all is well with you.  If you have any
questions, please do not hesitate to contact me, but please
do so before 2 PM.

Sincerely,

Deirdre Thurber

cc:  Don Bronstein, Esq.

C-20a

**Supreme Judicial Court for the Commonwealth of Massachusetts**
One Beacon Street, Third Floor, Boston, Massachusetts 02108
(617) 557-1020


Deirdre Lee Thurber, Esquire
19 Bloody Pond Road
Plymouth, MA 02360


RE:  Docket No. FAR-14180

**COMMONWEALTH**
    **vs.**
**JOSEPH DOCKHAM**

      Norfolk Superior Court No. NOCR1986-84001
      A.C. No. 2003-P-0530

NOTICE OF DENIAL OF F.A.R. APPLICATION

Please take note that on 06/30/04, the above-

captioned Application for Further Appellate Review was denied.

(Cowin, J., recused)


Susan Mellen, Clerk

Dated: June 30, 2004

To:  Robert C. Cosgrove, A.D.A.
     Deirdre Lee Thurber, Esquire

C-20b

Commonwealth of Massachusetts
NORFOLK SUPERIOR COURT
Case Summary
Criminal Docket

Commonwealth v Dockham, Joseph

Details for Docket: NOCR1986-84001

Case Information
Docket Number: NOCR1986-84001  Caption: Commonwealth v Dockham, Joseph
Entry Date: 12/10/1986  Case Status: 1 - CtRm - Main
Status Date: 05/11/2004  Session: Disposed (appeal denied)
Lead Case: NA  Deadline Status:
Trial Deadline:    Jury Trial: NO

Parties Involved

2 Parties Involved in Docket: NOCR1986-84001

Party Involved:   Role:  Defendant
Last Name: Dockham  First Name:  Joseph
Address:    Address:
City: Weymouth  State:
Zip Code:   Zip Ext:
Telephone:

Party Involved:   Role:  Plaintiff
Last Name: Commonwealth  First Name:
Address:    Address:
City:   State:
Zip Code:   Zip Ext:
Telephone:

1

------------------------------------------------------------------------

Attorneys Involved

------------------------------------------------------------------------

1 Attorneys Involved for Docket: NOCR1986-84001

Attorney Involved:     Firm Name:
Last Name: Thurber   First Name: Deirdre L
Address: 19 Bloody Pond Road   Address:
City: Plymouth   State: MA
Zip Code: 02360   Zip Ext:
Telephone: 508-224-2980   Tel Ext:
Fascimile: 508-224-2980   Representing:   Dockham, Joseph (Defendant)

------------------------------------------------------------------------

Calendar Events

------------------------------------------------------------------------

No Calendar Events found for Docket: NOCR1986-84001.

There are currently no calendar events associated with this case.

------------------------------------------------------------------------

Full Docket Entries

------------------------------------------------------------------------

224 Docket Entries for Docket: NOCR1986-84001

| Entry Date: | Paper No: | Docket Entry: |
| --- | --- | --- |
| 12/30/1986 | 1 | Indictment returned |
| 12/30/1986 | | RE Offense 1:Plea of not guilty |
| 12/30/1986 | | RE Offense 2:Plea of not guilty |
| 12/30/1986 | | RE Offense 3:Plea of not guilty |
| 12/30/1986 | | RE Offense 4:Plea of not guilty |
| 12/30/1986 | | RE Offense 5:Plea of not guilty |
| 12/30/1986 | | RE Offense 6:Plea of not guilty |
| 12/30/1986 | | RE Offense 7:Plea of not guilty |
| 12/30/1986 | | RE Offense 8:Plea of not guilty |

2

| 12/30/1986 | | RE Offense 9:Plea of not guilty |
|---|---|---|
| 12/30/1986 | | RE Offense 10:Plea of not guilty |
| 12/30/1986 | | RE Offense 11:Plea of not guilty |
| 12/30/1986 | | RE Offense 12:Plea of not guilty |
| 12/30/1986 | | RE Offense 13:Plea of not guilty |
| 12/30/1986 | | Deft arraigned before Court - Plea no guilty bail personal - |
| 12/30/1986 | | continued to 1/14/87 for conference - Special conditions of bail - |
| 12/30/1986 | | pretrial probation conditions - to telephone probation department |
| 12/30/1986 | | twice a week - to report personally once a week (McHuch, J) |
| 12/30/1986 | 2 | Appointment of Counsel Stephen T. Cunningham, Esq. |
| 12/30/1986 | | RE Offense 14:Plea of not guilty |
| 01/14/1987 | | Continued until February 20, 1987- motions to be filed Feb. 13, 1987 |
| 01/14/1987 | | (Banks, J) |
| 01/14/1987 | 3 | Pre-trial conference report filed |
| 02/20/1987 | 3 | Motion by Deft: for pretrial discovery pursuant to Mass. Rules of |
| 02/20/1987 | 3 | Criminal Procedure numbered 13-14 - Numbers 1,2, & 3 are allowed and |
| 02/20/1987 | 3 | information provided at least 30 days prior to trial - No. 4 & 5, |
| 02/20/1987 | 3 | dealing with privileged information are allowed and ordered furnished |
| 02/20/1987 | 3 | in accordance with the motion within 20 days - No. 6 is reserved for |
| 02/20/1987 | 3 | the trial judge (Prince, J) notice sent |
| 02/20/1987 | 4 | Motion in limine filed and reserved for trial judge |
| 02/20/1987 | 5 | Motion for bill of particulars - motion is allowed - responses to be |
| 02/20/1987 | 5 | provided within 20 days (Prince, J) notice sent |
| 02/20/1987 | | Continued until March 12, 1987 - for status (Prince, J) |
| 03/12/1987 | | Continued until March 21, 1987 for status (Meyer, J) |
| 03/20/1987 | 6 | Bill of particulars |
| 03/20/1987 | 7 | Motion for pre-trial discovery pursuant to Mass. Rules of Criminal |
| 03/20/1987 | 7 | Procedure Nos. 13 and 14 |
| 03/31/1987 | | Motions to be filed by 4/10/87 -Continued until April 24, 1987 for |
| 03/31/1987 | | hearings - trial date 6/1/87 (Meyer, J) |
| 04/10/1987 | 8 | Commonwealth files Memorandum in opposition to defendant's motion for |
| 04/10/1987 | 8 | pysical examination of alleged victim |
| 04/10/1987 | 40 | Rescript received from Appeals Court, SJC - judgments affirmed - |
| 04/10/1987 | 40 | notice sent to District Attorney and Attorney |
| 04/15/1987 | 8 | Motion for physical examination of alleged victim - 4/24/87 denied |
| 04/15/1987 | 8 | objection noted (Hurd, J) |
| 04/15/1987 | 9 | Certificate of service |
| 06/01/1987 | 10 | Commonwealth files memorandum regarding witness competency received |
| 06/01/1987 | 10 | and filed |
| 06/01/1987 | 11 | Commonwealth files memorandum of law in support of the motion to |
| 06/01/1987 | 11 | videotape the testimony of child witness received and filed |
| 06/03/1987 | 12 | Motion to videotape testimony of a child witness allowed (Carey, J) |
| 06/03/1987 | 13 | Commonwealth files memorandum regarding testimony of Dr. Jan Paradise |

3

06/03/1987   13   as an expert
06/03/1987   14   Commonwealth files memorandum of law in support of motion in limine
06/03/1987   15   Commonwealth files memorandum of law in support of admissibility of
06/03/1987   15   testimony of Dr. Renee Brant as an expert
06/03/1987   15   FINDINGS of FACT RULINGS of LAW: re: allowance of motion by
06/03/1987   15   Commonwealth to videotape testimony of child witness (Carey, J)
06/11/1987        RE Offense 1:Guilty verdict
06/11/1987        RE Offense 2:Guilty verdict
06/11/1987        RE Offense 3:Not guilty finding
06/11/1987        RE Offense 4:Guilty verdict
06/11/1987        RE Offense 5:Guilty verdict
06/11/1987        RE Offense 6:Guilty verdict
06/11/1987        RE Offense 7:Guilty verdict
06/11/1987        RE Offense 8:Not guilty finding
06/11/1987        RE Offense 9:Guilty verdict
06/11/1987        RE Offense 10:Not guilty finding
06/11/1987        RE Offense 11:Guilty verdict
06/11/1987        RE Offense 12:Guilty verdict
06/11/1987        RE Offense 13:Not guilty verdict
06/11/1987        RE Offense 14:Not guilty verdict
06/11/1987        Verdict of guilty - Re: Offenses 1,2,4,5,6,7,8,11,12 - remand
06/11/1987        without bail pending sentencing 6/25/87 court orders screening
06/11/1987        examine Chapter 123A Sec 4 (Carey, J)
06/15/1987   16   Habeas corpus for Deft at Bridgewater Hospital for 6/25/87
06/15/1987   17   Habeas corpus for Deft at Dedham House of Correction for 6/25/87
06/25/1987   18   Report from Dr. Leonard Bard received dated 6/25/87
06/25/1987        60 day screening at Bridgewater Treatment Center - disposition on
06/25/1987        8/27/87 (Carey, J)
06/25/1987   19   Commitment to Bridgewater - Chapter 123A sec 4 & 6 (Carey, J)
06/25/1987   20   Habeas corpus for Deft at Bridgewater for 8/27/87
06/26/1987        Fee for Atty. Stephen Cunningham approved for $3440.00 by Judge Carey
07/09/1987   21   Habeas corpus for Deft at Bridgewater for 8/27/87
08/13/1987   22   Report from Dr. Kreigman - copies sent to Atty. Cunningham and Asst.
08/13/1987   22   D.A. Hinkle and Judge Carey
08/21/1987   23   Report from Dr. Leavitt - copies sent to Atty. Cunningham, Asst. D.A.
08/21/1987   23   Hinkle and Judge Carey
08/27/1987        Re: Offense #1 - (84001) After hearing court finds defendant is a
08/27/1987        sexually dangerous person under Chapter 123A sec 5 - Findings to
08/27/1987        follow - Senence not less than 20 years - not more than 25 years at
08/27/1987        Massachusetts Correctional Institution at Cedar Junction, Walpole,
08/27/1987        committed - credit for time spent in jail awaiting disposition -
08/27/1987        notified of 10 days to appeal sentence to Appellate Division of
08/27/1987        SuperiorCourt - $25.00 victim witness fee waived - 77 days credit

4

08/27/1987     (Carey, J) mittimus
08/27/1987     Re: Offense #2 - (84002) - After hearing - Sentence not less than 20
08/27/1987     years not more than 25 years Massachusetts Correctional Institution
08/27/1987     Cedar Junction from and after expiration of sentence awarded on 84001
08/27/1987     - execution suspended five year probation uon release from sentence
08/27/1987     on 84001 psychiatric counselling (Carey, J) mittimus
08/27/1987     Re: Offense # 4 (84004) After hearing - Sentence - not less than 20
08/27/1987     years not more than 25 years at Massachusetts Correctional
08/27/1987     Institution Cedar Junction - concurrent with 84002 - execution
08/27/1987     suspended - notified 10 days to appeal to the Appellate Division -
08/27/1987     jail credit 77 days (Carey, J) mittimus
08/27/1987     Re: Offenses # 5, 6 (84005, 84006) After hearing - Sentence not less
08/27/1987     than 10 years not more than 12 years at Massachusetts Correctional
08/27/1987     Institution at Cedar Junction - concurrent with 84001 - committed -
08/27/1987     ntified 10 days to appeal to Appellate Division - 77 days credit
08/27/1987     (Carey, J) mittimus
08/27/1987     Re: Offenses # 7,9, 11, 12 (84007, 84009,84011,84012) After hearing -
08/27/1987     Sentence not less 6 years not more than 10 years at Massachusetts
08/27/1987     Correctional Institution at Cedar Junction committed - concurrent
08/27/1987     with 84002 - execution suspended 5 years probation notified 10 dyas
08/27/1987     to appeal - jail credit 77 days (Carey, J)
08/27/1987  24  Motion to stay execution of sentence pending appeal - denied -
08/27/1987  24  objection noted (Carey, J) notice sent
08/27/1987  25  Ex-parte Motion to continue sexually dangerous person hearing pending
08/27/1987  25  appeal denied - objection noted (Carey, J)
09/01/1987  26  NOTICE of APPEAL FILED
09/01/1987  27  Notice of appeal from sentence to Appellate Division
09/24/1987  28  Notice of service of notice of appeal
09/24/1987  29  Order issued for preparation of transcript
10/23/1987  30  MEMORANDUM re hearing under G.L. Chapter 123A on determination of
10/23/1987  30  sexually dangerous person - copies sent to District Attorney and
10/23/1987  30  Attorney (Carey, J)
10/26/1987  31  Motion by Deft: for revision or revocation of sentence, affidavit and
10/26/1987  31  certificate of service - copy sent to Judge Carey
11/16/1987      Transcript filed
12/07/1987  32  Notice of assembly of record; mailed to Appeals Court
02/16/1988      Re: motion to revise and revoke sentence - denied without further
02/16/1988      hearing after consideration of the report dated 2/3/88 and
02/16/1988      accompanying materials (Carey, J) notice sent 2/22/88
07/01/1988  33  Notice from Appellate Division dated 5/6/88 - ordered: that the
07/01/1988  33  judgments imposing said sentences stand and that said appeal be and
07/01/1988  33  is hereby dismissed.
10/17/1988  34  Motion by Deft: to stay proceedings

10/26/1988  35  Motion by Deft: for new trial
10/31/1988  36  Copy of plaintiff's letter withdrawing motion to vacate stay of
10/31/1988  36  appellate proceedings
11/08/1988      Re: Defendant's motion for new trial - this motion is denied without
11/08/1988      a hearing for the same reasons as set forth in the courts findings in
11/08/1988      the companion and consolidated case of comm. vs. Laura Tufts,
11/08/1988      whichfindings in said Tufts case are incorporated herein as being the
11/08/1988      same findings and reason for denying the within motion said motion
11/08/1988      raising no additional issues (Carey, J) notice sent
11/30/1988  37  Copy of findings made in companion case
11/30/1988  38  NOTICE of APPEAL FILED Re: denial of motion for new trial
12/12/1988  39  Notice of service of notice of appeal copy sent. The Hon. William H.
12/12/1988  39  Carey - Charles J. Hely, Asst. District Attorney
06/05/1991  41  Motion by Deft: for trial transcript
01/07/1992  42  Motion for release of all probation records
01/15/1996  43  Motion by Deft: for appointment of Committee for Public Counsel
01/15/1996  43  Services post conviction screening panel and affidavit
01/23/1996      Motion (P# 43) referred to Committee for Public Counsel Services for
01/23/1996      review as to appointment of counsel on post-conviction matters
01/23/1996      (Gershengorn, J) notice sent
01/23/1996  44  Committee for Public Counsel Services appointed (Gershengorn, J)
01/23/1996  44  notice sent
04/29/1997  45  Motion by Deft: for indigent court costs and affidavit
06/17/1998  46  Motion by Deft: to release portion of the probation report - Court
06/17/1998  46  orders Commonwealth to respond by 7/17/98 and all materials to be
06/17/1998  46  submitted to the First Session for decision (Dortch-Okara, J) notice
06/17/1998  46  sent
07/03/1998  47  Commonwealth files opposition to the defendant's motion to release a
07/03/1998  47  portion of the probation report - copy sent to Judge Dortch-Okara
07/03/1998  47  7/9/98
07/13/1998  48  Deft files response to Commonwealth's opposition - copy sent to
07/13/1998  48  Dortch-Okara 7/30/98
08/04/1998      Motion by Deft: to release portion of the probation report allowed
08/04/1998      (Dortch-Okara, J) notice sent
10/27/1998  49  Motion for the release of witness statements and affidavit
12/02/1998  50  ORDER: on defendant's motion to produce statements - ordered that the
12/02/1998  50  Commonwealth shall deliver to this court all such records along with
12/02/1998  50  a writen statement (Volterra, J) notice sent to District Attorney,
12/02/1998  50  Attorney and Defendant
12/02/1998  50  Commonwealth files opposition to the defendant's motion to release
12/02/1998  50  witness statements in the possession of the District Attorney's Office
04/17/2001  51  Appearance of Deft's Atty: Deirdre Thurber
04/17/2001  52  Motion by Deft: for funds for an expert

6

04/17/2001 53 Motion by Deft: for post-conviction relief and exhibits
04/26/2001    Motion by Deft: for post-conviction relief - Comm to respond within
04/26/2001    30 days and all materials to be submitted to the First Session for
04/26/2001    further handling (Butler, J) notice sent 5/18/01,
05/29/2001 54 Motion by Commonwealth: for enlargement of time to file response to
05/29/2001 54 defendant's motion for post-conviction relief allowed to 7/20/01
05/29/2001 54 (Butler, J) notice sent 5/29/01
07/02/2001 55 Commonwealth files opposition to defendant's motion for
07/02/2001 55 post-conviction relief and certificate of service - copy sent to
07/02/2001 55 First Session Judge
08/06/2001 56 Deft files Rebuttal to the Commonwealth's opposition to defendant's
08/06/2001 56 motion for post-conviction relief
02/28/2003 57 MEMORANDUM & ORDER: on defendant's motion for post-conviction relief

02/28/2003 57 - denied (Agnes,J) notice sent
02/28/2003 58 Commonwealth files motion for reconsideration - copy sent to Asst.
02/28/2003 58 District Attorney
03/03/2003 59 Motion by Deft: for indigent court costs
03/03/2003 60 Deft files affidavit in support of motion for funds
03/04/2003 61 Deft files opposition to commonwealth's motion for reconsideration -
03/04/2003 61 Atty. Thurber sent copy to Judge Agnes
03/06/2003    Motion (P#58) - For the reasons set forth in the Commonwealth's
03/06/2003    motion expecially the impact of Comm. v. Randolph 435 Mass. 290. 296
03/06/2003    (2002) this motion is allowed and the defendant's motion for a new
03/06/2003    trial is denied. The defendant, view that ineffectiveness claim based
03/06/2003    in the failure to challenge the foundational basis for scientific
03/06/2003    evidence survives a determination the the admissibility of the
03/06/2003    evidence did not creae a substantial risk of a miscarriage of justice
03/06/2003    is incorrect, See Commonwealth vs. Azar, 435 Mass 675, 686 (2002)
03/06/2003    (Agnes,J) M Hickey, Asst. Clerk
03/06/2003    Motion (P# 59) - For the reasons set forth in the Court's revised
03/06/2003    memorandum of decision dated this day. Motion is denied (Agnes, J) M.
03/06/2003    Hickey, Asst. Clerk
03/10/2003 62 MEMORANDUM & ORDER: on defendant's motion for post-conviction relief

03/10/2003 62 - For the foregoing reasons, it is hereby ordered the defendant's
03/10/2003 62 motion for new trial is denied (Agnes, J) copy sent to Asst. District
03/10/2003 62 Attorney and Atty. Thurber
03/17/2003 63 NOTICE of APPEAL FILED - Re: denial of post conviction relief
03/18/2003 64 Notice of service of notice of appeal
04/16/2003 65 Notice of assembly of record; mailed to Appeals Court per Rule 9(d)
04/23/2003 66 Notice of Entry of appeal received from the Appeals Court #2003-P-0530
05/11/2004 67 Rescript received from Appeals Court; judgment AFFIRMED 3/10/03 -

05/11/2004   67   Order entered denying motion for new trial affirmed - By the court,
05/11/2004   67   (Lenk, Gelinas & Trainor, JJ>), Ashley Ahearn, Clerk 4/12/04

05/11/2004   67   Order entered denying motion for new trial affirmed - By the court,
05/11/2004   67   (Lenk, Gelinas & Trainor, JJ>), Ashley Ahearn, Clerk 4/12/04

------------------------------------------------------------------------------

Charges

------------------------------------------------------------------------------

14 Charges for Docket: NOCR1986-84001

No.  Charge Description:  Indictment:  Status:
1   RAPE OF CHILD WITH FORCE c265 s22A      Guilty verdict
2   ASSAULT TO RAPE CHILD c265 s24B      Guilty verdict
3   CHILD IN NUDE, LASCIVIOUS POSE/EXHIBIT c272 s29A(a)      Guilty verdict
4   INDECENT A&B ON CHILD UNDER 14 c265 s13B      Guilty verdict
5   CHILD IN NUDE, LASCIVIOUS POSE/EXHIBIT c272 s29A(a)      Guilty verdict
6   INDECENT A&B ON CHILD UNDER 14 c265 s13B      Guilty verdict
7   A&B c265 s13A(a)      Not guilty verdict
    INDECENT A&B ON CHILD UNDER 14 c265 s13B      Guilty verdict
    RAPE OF CHILD, STATUTORY c265 s23      Guilty verdict
 0  INDECENT A&B ON CHILD UNDER 14 c265 s13B      Not guilty finding
11  A&B c265 s13A(a)      Not guilty verdict
12  RAPE OF CHILD, STATUTORY c265 s23      Not guilty finding
13  INDECENT A&B ON CHILD UNDER 14 c265 s13B      Not guilty finding
14  RAPE OF CHILD, STATUTORY c265 s23      Guilty verdict

------------------------------------------------------------------------------

© Copyright, Massachusetts Administrative Office of the Trial Court, 2000 - 2001.