United States District Court
District of Massachusetts

| | |
|---|---|
| JOSEPH E. DOCKHAM, )<br>    )<br>    Petitioner, )<br>    )<br>    v. )<br>    )<br>MICHAEL CORSINI, )<br>    )<br>    Respondent. )<br>    ) | Civil Action No.<br>05-11053-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

Petitioner Joseph E. Dockham ("Dockham") filed a habeas corpus petition with this Court. Respondent Michael Corsini ("Corsini") now moves to dismiss Dockham's petition with prejudice.

On December 30, 1986, a Norfolk County grand jury returned a 14-count indictment against Dockham. In June, 1987, the Commonwealth of Massachusetts tried Dockham before a Plymouth Superior Court jury and he was convicted of rape of a child with force, assault with intent to rape a child, two counts of indecent assault and battery on a child under 14, one count of posing a child in a lascivious manner, two counts of assault and battery and two counts of rape of a child. Dockham appealed his convictions and the Supreme Judicial Court affirmed those convictions on August 21, 1989. Commonwealth v. Dockham, 405

-1-

Mass. 618 (1989).

During the 1990s, Dockham filed several motions such as motions for a trial transcript, release of probation records and appointment of counsel, none of which challenged his underlying conviction. On April 17, 2001, Dockham filed his second motion for a new trial. His motion was denied by the Superior Court and that denial was affirmed by the Massachusetts Appeals Court. Commonwealth v. Dockham, 60 Mass. App. Ct. 1126 (2004). The Supreme Judicial Court denied Dockham's application for leave to obtain further appellate review on June 30, 2004. Commonwealth v. Dockham, 442 Mass. 1104 (2004). His petition to this Court followed on May 19, 2005.

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Pub L. No. 104-132, 110 Stat. 1214 (1996). Prior to enactment of the AEDPA, there was no time limit for state prisoners to file habeas petitions. Following enactment, state prisoners seeking habeas relief were confronted with a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1). That one-year limit runs from the time that the state court judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking it. David v. Hall, 318 F.3d 343, 344 (1st Cir. 2003)(citing 28 U.S.C. § 2244(d)(1)(A)). Excludable periods include "[t]he time during which a properly filed application for

State post-conviction or other collateral review...is pending". Id. (quoting 28 U.S.C. § 2244(d)(2)). Recognizing the unique status of prisoners such as Dockham who were convicted prior to enactment of the AEDPA, the statute allowed them a one-year grace period from April 24, 1996 until April 24, 1997 to file their habeas petitions.

Corsini asserts that, for purposes of this motion, the relevant statute of limitations expired for Dockham on April 24, 1997. He argues that Dockham's conviction became final on December 19, 1989 and no motions were pending during the grace period between April 24, 1996 and April 24, 1997. Dockham rejects that assertion and argues that a motion he filed on January 15, 1996 in the Norfolk Superior Court requesting his case be referred to a post-conviction screening panel of the Committee for Public Counsel Services ("CPCS") to review his case qualifies as an application for "collateral review" under the AEDPA.

Dockham's motion was allowed by the Court on January 23, 1996 and referred to the CPCS. Thereafter counsel was appointed to represent Dockham in his post-conviction challenge which ultimately resulted in the final decision of the Supreme Judicial Court concerning that challenge on June 30, 2004. Dockham contends that, based on those facts, the entire period from April 24, 1996 until June 30, 2004 qualifies as an excludable period

-3-

for purposes of the AEDPA statute of limitations.

Dockham's argument rests entirely upon the definition of "other collateral review" in § 2244(d)(2). That phrase is not defined or modified by the AEDPA. The Supreme Court surmised in Duncan v. Walker, 533 U.S. 167 (2001), that

> Congress [] may have employed the construction "post-conviction or other collateral review" in recognition of the diverse terminology that different States employ to represent the different forms of collateral review that are available after conviction.

Id. at 177. Generally, the term "collateral review" refers to a proceeding separate and distinct from that in which the original judgment was rendered and in which the petitioner challenges the legality of that judgment. Walkowiak v. Haines, 272 F.3d 234, 237 (4th Cir. 2001)(relying on "collateral review" as defined in Black's Law Dictionary (7th ed. 1999)).

Based on this definition, Dockham's assertion that his motion for the appointment of the CPCS post-conviction screening panel qualifies as "collateral review" under § 2244(d)(2) is unfounded. A motion for the appointment of counsel, or one that might result in the appointment of counsel, is not a challenge to the legality of the original judgment, although it might lead to such a challenge at some point in the future. Moreover, even when Dockham was informed on October 21, 1996 that the CPCS would appoint him counsel, he still waited until April 17, 2001 to file a motion for post-conviction relief. With no post-conviction or

-4-

other collateral review pending during the AEDPA grace period between April 24, 1996 and April 24, 1997, Dockham's instant petition for habeas corpus was not filed within the applicable limitations period.

### ORDER

In accordance with the foregoing, respondent Corsini's Motion to Dismiss (Docket No. 6) is **ALLOWED,** petitioner Dockham's petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE** and Dockham's Motion for Reconsideration of Appointment of Counsel (Docket No. 11) is **DENIED** as moot.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated December /2, 2005